819 So.2d 267 (2002)
Janet JAMIESON and Robert Jamieson, her husband, Appellants,
v.
Brian D. KURLAND, M.D., individually, and David M. Bernstein, M.D., and Jacob H. Goldberger, M.D., P.A., d/b/a Surgical Associates of Southwest Florida, Appellees.
No. 2D01-3290.
District Court of Appeal of Florida, Second District.
June 28, 2002.
*268 Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach, for Appellants.
Jeffrey D. Kottkamp of Henderson, Franklin, Starnes & Holt, Fort Myers, for Appellees.
GREEN, Judge.
Janet Jamieson and Robert Jamieson sued the defendants, Brian Kurland, M.D., individually, and Jacob Goldberger and David Bernstein, M.D.s, d/b/a Surgical Associates of Southwest Florida, for medical malpractice. The jury returned a verdict for the defendants.
The defendants filed a motion to tax costs and attorney's fees, which the trial court granted. The Jamiesons argue that the settlement offer to Mr. Jamieson did not adhere to rule 1.442, Florida Rules of Civil Procedure, and therefore did not justify the award of costs and attorney's fees. We agree and reverse that award. A separate settlement offer was made to Mrs. Jamieson, which is not a subject of this appeal.
The standard of review for this issue is de novo. See Kaplan v. Bayer, 782 So.2d 417, 419 (Fla. 2d DCA 2001). A proposal for settlement is in the nature of a contract. See BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 587 (Fla. 4th DCA 1985), review denied, 484 So.2d 7 (Fla. 1986).
In paragraph three of the settlement proposal, the defendants offered settlement of Mr. Jamieson's claim for $200. However, in paragraph four of that same proposal, the defendants contrarily asserted that "[t]he total amount of the Proposal for Settlement to Plaintiff, ROBERT JAMIESON, isTWO HUNDRED AND 00/100 DOLLARS ($1,000.00)." Additionally, paragraph three listed certain relevant conditions to the proposal, i.e., that the parties execute a joint stipulation for dismissal with prejudice, that plaintiff execute a general release, and that a confidentiality agreement be part of the release. However, paragraph four provided: "There are no non-monetary [sic] terms of the Proposal for Settlement."
Rule 1.442(a) specifically states that "[t]his rule applies to all proposals for settlement." The rule goes on to provide at (c)(2)(D) that the proposal shall "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." The settlement proposal to Mr. Jamieson failed to meet these requirements. See Lucas v. Calhoun, 813 So.2d 971 (Fla. 2d DCA 2002). It is inconsequential that no attempt was made by Mr. Jamieson to accept the offer.
This court recently held in Lucas that compliance with subsections (C) and (D) of rule 1.442(c)(2) is mandatory. We further stated, "[t]he rule intends for a proposal *269 for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions." Id. at 973; see also United Serv. Auto. Ass'n v. Behar, 752 So.2d 663, 665 (Fla. 2d DCA 2000).
Because the settlement proposal to Mr. Jamieson did not adhere to the provisions of rule 1.442, it was not a valid proposal for settlement. The Jamiesons concede that only the settlement proposal to Mr. Jamieson was the subject of this appeal, and since the judgment awarding attorney's fees against the Jamiesons was collective against both plaintiffs, our decision does not affect the award against Mrs. Jamieson. We therefore reverse the trial court's order granting cost and attorney's fees to be paid by Mr. Jamieson to the defendants. We remand to the trial judge for further proceedings with respect to the portion of the judgment as it pertains to Mrs. Jamieson.
Reversed and remanded.
BLUE, C.J., and KELLY, J., concur.