855 So.2d 1232 (2003)
William HALES, Appellant,
v.
ADVANCED SYSTEMS DESIGN, INC., Appellee.
No. 1D02-5260.
District Court of Appeal of Florida, First District.
October 13, 2003.
Jack A. Harnett, Quincy, for Appellant.
David P. Healy of the Law Offices of David P. Healy, PL, Tallahassee, for Appellee.
ERVIN, J.
Appellant, William Hales, appeals an order awarding attorney's fees to appellee, Advanced Systems Design, Inc. (ASD), contending that ASD's settlement proposal was invalid and thus did not provide a basis for the award under either section 768.79, Florida Statutes (2001), or Florida Rule of Civil Procedure 1.442, and that he did not stipulate to the value of services. We agree and reverse, concluding that ASD's settlement proposal contained an *1233 invalid condition, and therefore do not reach the second issue regarding the stipulated value.
During litigation between the parties, ASD served a Proposal for Settlement on Hales for $14,169.46, conditioned upon the following:
Plaintiff shall execute and deliver to ASD a general release, in a form satisfactory to ASD's counsel, that releases ASD and its present and former officers (including without limitation Dr. John DuBard), directors, employees, agents, servants, contractors, attorneys, corporate affiliates, successors and assigns of any and all claims at law or in equity, that plaintiff may have against any of those parties, whether known or unknown, liquidated or not liquidated, accrued or not accrued, including without limitation all claims that plaintiff asserted or could have asserted against ASD or Dr. John DuBard in this proceeding[.]
Hales did not respond to the proposal, and it was therefore considered rejected. After obtaining final summary judgment, ASD filed a motion for attorney's fees pursuant to section 768.79 and rule 1.442, which the trial court granted.
The above-quoted global release of any claim that might arise in the future, against any entity remotely related to appellee, fails to comport with the statute and rule, which require proposals for settlement to state relevant conditions and non-monetary terms with particularity.[1] Hales could not reasonably evaluate whether the offer to settle for $14,169.46 was sufficient to cover any claim that might ever arise in the future against ASD or any affiliated persons. See Zalis v. M.E.J. Rich Corp., 797 So.2d 1289 (Fla. 4th DCA 2001) (holding that a condition in the settlement offer that the plaintiff relinquish all rights to sue about anything at any time, failed to satisfy the statute's requirement of particularity). Cf. Bd. of Trs. of Fla. Atl. Univ. v. Bowman, 853 So.2d 507 (Fla. 4th DCA 2003) (distinguishing Zalis, because the terms of the release did not apply to future causes of action that might arise, but only to claims by plaintiffs as of the date of execution of the settlement proposal).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ALLEN and LEWIS, JJ., Concur.
NOTES
[1] For example, rule 1.442(c)(2)(C) states that an offer shall "state with particularity any relevant conditions."