866 So.2d 90 (2004)
Julie CONNELL, Century 21R. Winston Connell, Realtor, Appellants,
v.
Bobby FLOYD, Big Bend Timber Services, Inc., Jerry Walton and Richard Connell, Appellees.
No. 1D02-4510.
District Court of Appeal of Florida, First District.
January 8, 2004.
Rehearing Denied February 20, 2004.
*91 John R. Beranek of Ausley & McMullen, Tallahassee; and Charles J.F. Schreiber, Jr., and Paul M. Harden of Bateman Harden, P.A., Tallahassee, for Appellants.
J. Steven Carter and Laura Beth Faragasso of Henry, Buchanan, Hudson, Suber & Carter, P.A., Tallahassee, for Appellees.
DAVIS, J.
In this appeal from the trial court's denial of the appellants' motion to tax attorneys' fees and costs pursuant to section 768.79, Florida Statutes (2002), and Florida Rule of Civil Procedure 1.442, we review de novo the appellants' assertion that they were entitled to fees based on the appellants' extension of a $1.00 proposal for settlement to Appellee-Floyd (hereinafter, "appellee"), the appellee's rejection thereof, and the fact that the appellants ultimately prevailed. We affirm the trial court's order denying an award of attorneys' fees to the appellants.
The appellants are correct that, had their proposal for settlement been valid, they would have been entitled to an award of fees under section 768.79 and Rule 1.442. The appellants' proposal for settlement, however, was not legally sufficient to be valid because it contained a non-monetary condition that was not stated with the particularity required by Florida Rule of Civil Procedure 1.442(c)(2)(C) & (D). Thus, the appellee's rejection of the proposal did not vest the appellants with an entitlement to fees.
Below, the appellee named the appellants as joint defendants in a lawsuit, and the appellants responded by filing multiple compulsory counterclaims against the appelleecounterclaims that arose from the exact same set of facts and circumstances which spawned the appellee's claim against *92 the appellants. The appellants proposed to give the appellee $1.00 to settle his claims against them, but, as a condition of that settlement, the appellants required the appellee's stipulation to a final judgment that would have made a specific finding that the appellants prevailed in defense of the appellee's claims against them.
After succeeding at trial, the appellants sought attorneys' fees pursuant to section 768.79 and Rule 1.442. Having carefully considered the matter based on his knowledge of the entire record and the totality of the circumstances, the trial judge denied the appellants' motion for attorneys' fees and costs and found specifically that the potential impact on the remaining counterclaims of the final judgment condition was contrary to the appellants' claimed desire to settle the appellee's claims against them. Because the potential ramifications of the proposed final judgment condition did not simply place the appellee in the position of having to make a hard choice, but rather, rendered him unable to evaluate what his choices were, we agree with the trial court that the proposal was invalid.
Rules 1.442(c)(2)(C) and (D) require all non-monetary terms of an offer to be stated with particularity. See Zalis v. M.E.J. Rich Corp., 797 So.2d 1289 (Fla. 4th DCA 2001); Gulf Coast Transp., Inc. v. Padron, 782 So.2d 464 (Fla. 2d DCA 2001). This requirement of particularity is fundamental to the purpose underlying the statute and rule because a proposal for settlement is intended to end judicial labor, not create more. See Lucas v. Calhoun, 813 So.2d 971 (Fla. 2d DCA 2002); Jamieson v. Kurland, 819 So.2d 267 (Fla. 2d DCA 2002). For this reason, a proposal for settlement should be as specific as possible, leaving no ambiguities, so that the recipient can fully evaluate its terms and conditions. Id. at 973 (citing United Servs. Auto. Ass'n v. Behar, 752 So.2d 663, 665 (Fla. 2d DCA 2000)). Further, the rule and statute must be strictly construed because they are in derogation of the common law. Willis Shaw Express, Inc. v. Hilyer Sod Inc., 849 So.2d 276, 279 (Fla. 2003).
Applying strict construction, we conclude that the non-monetary condition proffered by the appellants was not stated with sufficient particularity to have allowed the appellee to fully evaluate its terms or the impact thereof. Contrary to the appellants' assertion, this non-monetary condition was not intended to just settle the appellee's claims against the appellants. Although the appellants assert that they sought to bring an early end to a portion of the litigation, a goal which is acceptable under the statute and the rule, the appellants concede that a final judgment containing a finding that the appellants prevailed on the facts of this case might have been admissible in the litigation of the remaining counterclaims and most likely would have eviscerated the appellee's defense(s) thereto. Moreover, the counterclaims were still being vigorously pursued by the appellants and the appellants could have and, in fact, did amend those counterclaims to seek more damages. Had the appellee acquiesced to the appellants' requirement, the appellee would have been bound by whatever impact the final judgment might have had on the counterclaims, regardless of subsequent amendments thereto.
While a proposal for settlement may settle only a portion of a lawsuit, a valid proposal for settlement must at least settle that portion with certainty. Because the non-monetary condition was not susceptible to meaningful evaluation by the appellee, it was not stated with sufficient particularity to have rendered the proposal valid. See Fla. R. Civ. P. 1.442(c)(2)(C) *93 & (D); see also Hales v. Advanced Systems, Design, Inc., 855 So.2d 1232 (Fla. 1st DCA 2003)(finding insufficiently particular a proposal's requirement that an offeree execute a general release of all future claims because the offeree could not evaluate whether the offer was sufficient to cover any future claims).
Accordingly, this proposal for settlement was not valid and the trial court's order is affirmed.
ALLEN, J., concurs; BENTON, J., dissents with opinion.
BENTON, J., dissenting.
The court today affirms denial of fees under the proposal for settlement statute, § 768.79, Fla. Stat. (2002), not for any reason the trial judge assigned, but on grounds that the proposal failed to meet the requirements of the implementing rule, Fla. R. Civ. P. 1.442, in that "the non-monetary condition ... was not stated with sufficient particularity to have allowed the appellee to fully evaluate its terms or the impact thereof."
In my view, the non-monetary condition(s) in question could not have been clearer. The settlement proposal contained the following six, numbered conditions, and no others:
1. Defendants will pay BOBBY FLOYD the sum of One Dollar ($1.00) in settlement of the claims asserted against them in Count V of the Second Amended Complaint;
2. BOBBY FLOYD will execute a full and final release of all such claims against the Defendants;
3. BOBBY FLOYD will stipulate to the entry of a judgment in favor of the Defendants, which judgment will make an express finding that the Defendants prevailed in defense of the claims against them;
4. This Proposal for Settlement is inclusive of, and intended to resolve any and all claims for damages, interest, costs, and attorneys' fees asserted by BOBBY FLOYD against the Defendants;
5. This Proposal for Settlement is not intended in any way to resolve counterclaims filed by the Defendants against BOBBY FLOYD;
6. This offer of judgment is valid for a period of 30 days from the date set forth below, and will be considered withdrawn unless accepted by filing both a written notice of acceptance within 30 days after service hereof; ...
As the majority opinion recognizes, if the proposal had been accepted, Mr. Floyd "would have been bound by whatever impact the final judgment might have had on the counterclaims."
This circumstance does not mean that the proposal for settlement failed to "state with particularity any relevant conditions," Fla. R. Civ. P. 1.442(c)(2)(C), including "nonmonetary terms." Fla. R. Civ. P. 1.442(c)(2)(D). In the nature of things, in any case in which a proposal for settlement contemplates entry of judgment, the judgment proposed may have collateral or even res judicata effect on related litigation, whether then ongoing or later instituted. The proposal for settlement need not, however, include prognostications about the future course of any such litigation. It is enough that the proposal for settlement clearly identify the terms of the judgment proposed to be entered.
The judgment proposed in the present case would have been a partial, final judgment, leaving appellants' pending counterclaim for later resolution. As the majority opinion concedes, however, "bring[ing] an early end to [even] a portion of the litigation... is acceptable under the statute and the rule." In the words of Judge Parker:

*94 Nothing in either the statute or the rule requires that a proposal settle all claims between all parties, or even all claims between the parties to the proposal. It cannot be bad faith to apply the provisions of the statute and rule as they are written.
Wagner v. Brandeberry, 761 So.2d 443, 447 (Fla. 2d DCA 2000). See Sec. Prof'ls, Inc. v. Segall, 685 So.2d 1381, 1382 (Fla. 4th DCA 1997) (holding proposal for settlement effective as to claims and parties it addressed, even though many of the parties would remain in the litigation); Lieff v. Sandoval, 726 So.2d 335, 336 (Fla. 3d DCA 1999).
The majority opinion finds no fault with the amount of the monetary offer, nor does rule or statute require more than a nominal amount. See City of Neptune Beach v. Smith, 740 So.2d 25, 26-27 (Fla. 1st DCA 1999). The rule is that
a minimal offer can be made in good faith if the evidence demonstrates that, at the time it was made, the offeror had a reasonable basis to conclude that its exposure was nominal. See [Evans v. Piotraczk, 724 So.2d 1210, 1211 (Fla. 5th DCA 1998) ]; see also Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586, 588 (Fla. 5th DCA 1999); Weesner v. United Servs. Auto. Assoc., 711 So.2d 1192, 1194 (Fla. 5th DCA 1998); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997).
Nants v. Griffin, 783 So.2d 363, 365 (Fla. 5th DCA 2001). See also Fox v. McCaw Cellular Communications of Fla., Inc., 745 So.2d 330, 333 (Fla. 4th DCA 1998). The record is devoid of finding or evidence of any lack of good faith.
It is also true that Ms. Connell's offer did not designate how much of the dollar she would receive and how much her employerallegedly liable vicariously only, on account of the single telephone call she madewould receive. But the majority opinion rightly avoids any reliance on the failure to allocate pennies between a defendant employee-proposer and her co-defendant employer, whom the recipient of the proposal alleges to be liable only vicariously. See Barnes v. Kellogg Co., 846 So.2d 568, 572 (Fla. 2d DCA 2003) ("If anything, authorizing joint offers in such cases will facilitate settlements, which is the intended purpose of section 768.79"); Thompson v. Hodson, 825 So.2d 941, 954 n. 5 (Fla. 1st DCA 2002) (Benton, J., concurring in part and dissenting in part). But see Matetzschk v. Lamb, 849 So.2d 1141, 1144 (Fla. 5th DCA 2003).
In response to unsubstantiated claims filed against them, Ms. Connell and Century 21-Winston Connell, Realtor, counterclaimed for the commission they ultimately received. In a preliminary effort to focus the litigation on the commission, they made a proposal for settlement of extraneous claims in conformity with statute and rule. Under statute and rule, Ms. Connell and her employer were entitled to attorney's fees after Mr. Floyd rejected the proposal, engaged in protracted litigation, and failed to establish a single one of his claims against them.
I respectfully dissent.