943 So.2d 288 (2006)
MIAMI-DADE COUNTY, Appellant,
v.
Emilio FERRER, Appellee.
No. 3D05-1288.
District Court of Appeal of Florida, Third District.
November 29, 2006.
*289 Murray A. Greenberg, Miami-Dade County Attorney, and Thomas H. Robertson, Assistant County Attorney, for appellant.
Lourdes E. Ferrer, Hollywood, for appellee.
Before SUAREZ and LAGOA, JJ., and SCHWARTZ, Senior Judge.
SUAREZ, J.
Miami-Dade County (the "County") appeals the order denying its request for attorney's fees. We reverse and remand for further proceedings.
The County asserts that the trial court improperly denied its request for statutory attorney's fees due to Emilio Ferrer's rejection of its reasonable offers of settlement. Ferrer has failed to file a brief in this appeal, but argued below that the County's offers of settlement were invalid and preclude the County from collecting statutory fees.
Ferrer sued the County for false imprisonment and battery due to the actions of a police officer. Prior to trial, the County presented Ferrer with two offers of judgment both on the same day pursuant to Florida Statutes section 768.79, and Florida Rule of Civil Procedure 1.442. One offered to pay Ferrer $1,000 in exchange for his dismissal with prejudice of his claim for false imprisonment. The other offered to pay him $1,000 in exchange for his dismissal with prejudice of his claim for battery. Ferrer rejected the offers and proceeded to trial. The jury found that the County was not liable and Ferrer collected nothing. The County sought statutory attorney's fees for the cost of defending the suit because Ferrer collected nothing and rejected its offers of judgment. Ferrer argued that the offers were invalid because the damages for the two counts overlap and therefore made the settlement proposals ambiguous. The trial court denied attorney's fees and the County appeals.
Section 768.79, Florida Statutes (2005), provides for an award of reasonable costs and attorney's fees when: "(1) a party has served a demand or offer for judgment; and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer." Hannah v. Newkirk, 675 So.2d 112, 114 (Fla.1996).
The Florida Rules of Civil Procedure require that a settlement proposal:
(A) name the party of parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;

*290 (C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
Fla. R. Civ. P. 1.442(c)(2).
The language of rule 1.442 "must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees." Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003). An appellate court applies the de novo standard of review in determining whether an offer of settlement comports with rule 1.442 and section 768.79 because a "proposal for settlement is in the nature of a contract." Jamieson v. Kurland, 819 So.2d 267, 268 (Fla. 2d DCA 2002).
The County's request for statutory attorney's fees should have been granted because the County's settlement proposals were valid and unambiguous. "[A] proposal for settlement should be as specific as possible, leaving no ambiguities, so that the recipient can fully evaluate its terms and conditions." Connell v. Floyd, 866 So.2d 90, 92 (Fla. 1st DCA 2004). Here, the County's offers of judgment are clear and unambiguous. Ferrer would receive $1,000 if he dismissed with prejudice his claim for false imprisonment, and $1,000 if he dismissed with prejudice his claim for battery. The two claims are not conditioned on each other, and Ferrer could have settled one claim and proceeded to trial on the other. Connell, 866 So.2d at 92 (noting that, "[w]hile a proposal for settlement may settle only a portion of a lawsuit, a valid proposal for settlement must at least settle that portion with certainty"); Lucas v. Calhoun, 813 So.2d 971, 972 n. 1 (Fla. 2d DCA 2002) (suggesting that, where the proposal for settlement addresses fewer than all the damage claims, it may be a better practice to identify the specific damage elements in the proposal; however, such a suggestion is not necessary where, as in this case, the proposal seeks to settle a specific count). Therefore, the County's settlement proposals are unambiguous and satisfy the statute and the rule.
Accordingly, the trial court's order denying statutory attorney's fees is reversed and the matter is remanded for the lower court to determine the amount of fees to which the County is entitled.
Reversed and remanded for further proceedings.