PER CURIAM.
Jessla Construction Corp. (“Jessla”) appeals from a final judgment awarding attorney’s fees and reasonable costs to Miami-Dade County School Board (“School Board”), pursuant to section 768.79, Florida Statutes (2008), and Florida Rule of Civil Procedure 1.442. For the reasons set forth below, we affirm.
In 2001, Jessla filed a wrongful termination claim against the School Board. On March 21, 2008, the School Board served Jessla with its Offer of Judgment and Proposal for Settlement (“Proposal”), pursuant to section 768.79 and rule 1.442. The Proposal provides in pertinent part:
1. This Proposal is made by the School Board to Jessla pursuant to Florida Statutes § 768.79 and Rule 1.442 of the Florida Rules of Civil Procedure!)]
2. The total amount of this Proposal is $1,000 ..., and it is offered to fully and completely resolve all the claims, damages and relief sought by Jessla against the School Board in the case styled as Jessla Construction Corp. v. Miami-Dade County School Board and Schapiro & Associates, P.A., Case No. 01-28264 CA 21.
3. This Proposal is conditioned upon the execution of an Unconditional General Release by Jessla, forever releasing the School Board from any claim, damages and relief which it now has or could ever have in the above-captioned action. The release should be substantially in the form attached hereto as Exhibit “A”.
[[Image here]]
6. Pursuant to Section 768.79 ... and Rule 1.442(f) ... Jessla must accept this Proposal, in whole or in part, within thirty (30) days ... or it will be deemed rejected....
The Unconditional General Release (“General Release”), which was attached as Exhibit A, provides in part:
That [Jessla], including all its past, present and future affiliates, subsidiaries, parent companies and all of its respective officers, directors, partners, shareholders, employees, representatives, *129 agents, successors and assigns (the “First Party”), for consideration separately agreed upon by the Parties which is hereby acknowledged, does hereby remise, release, acquit, satisfy, and forever discharges [the School Board], including all of its past, present and future affiliates, representatives, agents, successors and assigns (the “Second Party”), of all ... claims ... asserted in ... Jessla[’s] ... Second Amended Complaint in the action styled Jessla Construction Corp. v. Miami-Dade County School Board and Schapiro & Associates, P.A., Case No. 01-28264 CA 21.
On March 26, 2008, prior to the expiration of the Proposal’s thirty-day period, the School Board submitted a letter to Jessla’s attorneys titled “Final Demand for Dismissal of Lawsuit” (“Demand Letter”). The Demand Letter provides that if Jessla voluntarily dismisses with prejudice all of its claims in the lawsuit against the School Board on or before April 9, 2008, the School Board will not seek attorney’s fees and costs. However, if the matter is litigated, the School Board, upon prevailing, will seek attorney’s fees and reasonable costs against Jessla, its shareholders, and Jessla’s attorneys.
Jessla did not accept the School Board’s Proposal or voluntarily dismiss the lawsuit. Following a bench trial, the trial court entered a final judgment in favor of the School Board, which was later affirmed on appeal.' Jessla Constr. Corp. v. Miami-Dade Cnty. Sch. Bd., 28 So.3d 1247 (Fla. 3d DCA 2009), review denied, 38 So.3d 770 (Fla.2010).
Based on Jessla’s rejection of the Proposal, the School Board moved for attorney’s fees and costs pursuant to section 768.79 and rule 1.442. Jessla opposed the motion, arguing that the School Board’s Demand Letter required Jessla to dismiss the lawsuit prior to the expiration of the Proposal’s thirty-day period. Following a hearing, the trial court entered an order finding that the School Board was entitled to an award of attorney’s fees and costs. On rehearing, Jessla argued that the General Release rendered the Proposal defective because the General Release required Jessla to extinguish potential claims of nonparties, it required the participation of nonparties, and its terms contradicted the terms of the Proposal. The trial court reaffirmed its order finding that the School Board was entitled to an award of attorney’s fees and costs. Thereafter, Jessla and the School Board agreed as to the amount of attorney’s fees and costs, and the trial court entered an order awarding $515,000 to the School Board. Jessla’s appeal followed.
In this appeal challenging the award of attorney’s fees and costs to the School Board, Jessla raises the same arguments it raised below. First, Jessla argues that the School Board’s Demand Letter either invalidated the Proposal because it demanded that Jessla dismiss the action prior to the expiration of the Proposal’s thirty-day period, or that the Demand Letter withdrew the Proposal. We disagree.
Our review of the Demand Letter indicates that it in no way affected or impacted the validity of the Proposal. Rather, the Demand Letter merely outlined alleged misrepresentations made during the summary judgment hearing, which allegedly permitted Jessla to “survive summary judgment”; explained that the alleged misrepresentations made at the summary judgment hearing “will be proven to be false” during the non-jury trial; noted that the School Board will not seek attorney’s fees and costs if Jessla dismisses its action with prejudice; and warned Jessla that if it does not dismiss the action, the School Board, upon prevailing, will seek attorney’s fees and costs not only *130 against Jessla and its shareholder, but also against Jessla’s attorneys and the attorneys’ law firm. Further, the Demand Letter does not state nor suggest that the School Board was withdrawing its Proposal. See Fla. R. Civ. P. 1.442(e) (“A proposal may be withdrawn in writing provided the written withdrawal is delivered before a written acceptance is delivered. Once withdrawn, a proposal is void.”). Therefore, we conclude that the trial court did not err in rejecting Jessla’s arguments regarding the Demand Letter.
Next, Jessla contends that the Proposal is defective because the General Release does not comport with rule 1.442(c)(2)(A), which provides that a proposal for settlement shall “name the party or parties making the proposal and the party or parties to whom the proposal is made.” In making this argument, Jessla asserts that the General Release requires the participation of nonparties — “past, present and future affiliates, subsidiaries, parent companies and all of its respective officers, directors, partners, shareholders, employees, representatives, agents, successors and assigns.” Jessla further argues that if not defective, the Proposal is ambiguous because the terms of the Proposal contradict the terms of the General Release — the Proposal requires that only Jessla release its claims against the School Board, whereas the General Release requires the participation of nonparties — and therefore, the Proposal is unenforceable. Jessla’s argument is without merit.[1]
In determining whether the Proposal fails to comport with rule 1.442(c)(2)(A) or whether it is ambiguous, the Fourth District’s decision in Board of Trustees of Florida Atlantic University v. Bowman, 853 So.2d 507 (Fla. 4th DCA 2003), is instructive. In Bowman, the defendant filed a proposal for settlement, requiring each plaintiff to execute a general release, which defined the “First Party” (plaintiffs) and “Second Party” (defendant) as follows:
[Singular and plural, heirs, legal representatives, agents, employees, attorneys, and assigns of individuals and the subsidiaries, affiliates, parent corporations, and each of their respective present and former officers, agents, employees including, but not limited to, shareholders, directors, attorneys, insurers, sureties, successors and assigns of corporations, agencies, or political bodies, wherever the context so admits or requires.
Id. at 508. Upon prevailing, the defendant moved for attorney’s fees and reasonable costs based on the plaintiffs’ rejection of the proposal for settlement. The trial court denied the motion, finding, in part, that the proposal for settlement was invalid because the general release required the involvement of third parties. In reversing, the Fourth District found that the inclusion of “agents, employees, etc. is simply standard language in a general release that should be considered unambiguous and should not invalidate the proposal.” Id. at 510; see also Carey-All Transp., Inc. v. Newby, 989 So.2d 1201, 1204-05 (Fla. 2d DCA 2008) (holding that language in a general release, which was attached to a proposal for settlement, defining “Re-leasee” as named defendant and “its predecessors, successors ... agents, servants and employees, and former employees,” was not too broad and ambiguous, and language of general release was “typical of *131 the language contained in many general releases”).
Here, in reviewing the School Board’s Proposal and the General Release, it is clear that the Proposal was directed solely at Jessla and that the School Board was not requiring the participation of nonparties. The complained-of language in the General Release, which defines Jessla as including “past, present and future affiliates” etc., is not too broad and is “typical of the language contained in many general releases.” Carey-All, 989 So.2d at 1204-05; see also Bowman, 858 So.2d at 510. Therefore, we conclude that the trial court did not err by rejecting Jessla’s argument that the Proposal failed to comply with rule 1.442 or that it was ambiguous. Accordingly, we affirm the order under review.
Affirmed.

. In reviewing a trial court’s determination as to whether a proposal for settlement comports with the requirements of section 768.79 and rule 1.442, appellate courts apply the de novo standard of review. See Miami-Dade Cnty. v. Ferrer, 943 So.2d 288, 290 (Fla. 3d DCA 2006).