SILBERMAN, Judge.
In an action for malicious prosecution brought by Jeanne Abou Sharaka (the Tenant), Nickolas Ekonomides appeals a final order denying entitlement to attorney’s fees on the basis that paragraph four of his proposal for settlement is ambiguous. We conclude that the subject paragraph is not ambiguous and reverse. We have also reversed the final summary judgment that was entered in Ekonomides’ favor in Abou Sharaka v. E & A, Inc., 135 So.3d 428 (Fla. 2d DCA 2014). Thus, the issue of whether Ekonomides is entitled to recover fees must await resolution of the malicious prosecution action.
For purposes of remand, if Ekonomides again prevails in the trial court and seeks fees under his proposal for settlement, the proposal will have to be evaluated in light of our determination that paragraph four of the proposal is not ambiguous. Paragraph four offers to pay the Tenant $100 to settle this action, “payable within ten (10) days of entry of the Order of Dismissal with Prejudice.” The Tenant argued, among other things, that paragraph four is ambiguous because the offer makes an illusory promise to pay only after the case is dismissed with prejudice. According to the Tenant, if Ekonomides fails to pay the $100, the trial court would not have jurisdiction to enforce the settlement agreement after entry of a final order of dismissal. The trial court concluded that paragraph four is ambiguous because the Tenant “shouldn’t have to guess as to whether” she would collect after dismissal of the case.
We agree with Ekonomides that paragraph four is not ambiguous and that the trial court would have continuing jurisdiction to enforce the settlement, had the proposal been accepted. Pursuant to the offer of judgment statute, “[u]pon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.” § 768.79(4), Fla. Stat. (2011); see also Mady v. DaimlerChrysler Corp., 59 So.3d 1129, 1133 (Fla.2011) (stating that “a settlement produced pursuant to Florida’s offer of judgment statute is subject to that court’s full continuing jurisdiction thereafter”). Thus, if the Tenant had accepted the proposal and Eko-nomides had failed to pay the $100, the trial court would have had jurisdiction to enforce the settlement agreement.
With respect to ambiguity, Florida Rule of Civil Procedure 1.442 requires that the proposal state all conditions and nonmone-tary terms with particularity. See Tran v. Anvil Iron Works, Inc., 110 So.3d 923, 925 (Fla. 2d DCA 2013) (recognizing that the rule “ ‘merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification’ ” (quoting State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006))). An ambiguous proposal is unenforceable. Id. at 926. In the context of the requirement for particularity, “an ambiguity is defined as ‘the condition of admitting more than one meaning’ ” Id. (quoting Mix v. Adventist Health Sys./Sunbelt, Inc., 67 So.3d 289, 292 (Fla. 5th DCA 2011)). The condition that the Tenant contends is ambiguous has only one meaning. Paragraph four provides that Ekonomides would pay the Tenant $100 within ten days of entry of the order of dismissal with prejudice. The fact that she was concerned that Eko-nomides might breach the agreement and fail to pay does not make the proposal ambiguous.
*1176 Accordingly, we reverse the final order denying entitlement to attorney’s fees and remand for further proceedings.
Reversed and remanded.
LaROSE and CRENSHAW, JJ„ Concur.