# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2539
No. 3D14-904
Lower Tribunal No. 11-42103

_____

**Michele K. Feinzig, P.A., etc., et al.,**
Appellants,

vs.

**Deehl & Carlson, P.A., etc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Mase Lara, P.A., and Curtis J. Mase, Jennifer N. Hernandez, Michele K. Feinzig, and Joanne Rose Telischi, for appellants.

Deehl, P.A., and David L. Deehl, for appellee.

Before SHEPHERD, ROTHENBERG and SCALES, JJ.

SCALES, J.

In this consolidated appeal, defendant below, Deehl & Carlson P.A. ("Deehl"), appeals a February 24, 2014 final judgment that awarded the sums of $192,269.36 to plaintiff Michele K. Feinzig, P.A. ("Feinzig") and $82,420.58 to plaintiff Joanne Rose Telischi, P.A. ("Telischi") (the "Main Appeal").

Feinzig and Telischi appeal separate post-judgment orders denying them entitlement to attorney's fees pursuant to separate proposals for settlement served on Deehl, pursuant to section 769.78 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure (the "Fee Appeal").

We consolidated the appeals and heard oral argument only on the Fee Appeal. For the reasons stated within, we affirm the trial court's final judgment in the Main Appeal, but we reverse and remand the trial court's denial of Feinzig's and Telischi's fee motions in the Fee Appeal.

**I. Facts**

*A. The Parties and the Maynoldi Case*

At all times material, Deehl was a two-lawyer law firm, composed of David Deehl, who owned ninety-five percent of the firm, and Susan Carlson, who owned five percent of the firm.

In 2004, Deehl, representing the plaintiffs, filed in Miami-Dade Circuit Court the case of Maynoldi v. Archbishop Coleman F. Carroll High School, Inc. (the "Case"). Deehl entered into oral contracts with both Feinzig and Telischi to

2

assist Deehl with trial and appellate legal support in the Case. Under these contracts, attorneys Michele Feinzig and Joanne Telischi performed a combined total of 3320 hours of trial support and appellate work on the Case.

### B. The Dispute

The parties' dispute arose sometime in 2010, after this Court overturned a judgment for the <u>Maynoldi</u> plaintiffs, which had been entered after a seven-week jury trial.[1] Deehl refused to pay Feinzig and Telischi for their services. In December of 2011, Feinzig and Telischi responded by filing the instant four-count complaint against Deehl, asserting that Deehl had breached the parties' oral agreements or, in the alternative, that Feinzig and Telischi were entitled to quantum meruit damages.

The hourly rates Deehl had agreed to pay Feinzig and Telischi, and the reasonableness of the amounts billed by Feinzig and Telischi, were not in dispute. Moreover, there was no dispute that Feinzig's and Telischi's entitlement to compensation was not contingent on the outcome of the Case.

Rather, Deehl asserted that the fees were not yet due to Feinzig and Telischi because the <u>Maynoldi</u> case was not yet complete. Specifically, Deehl alleged that: (i) payment would become due when Deehl was able to pay; and (ii) in the alternative, Feinzig and Telischi failed to complete work on the Case by not

---

[1] <u>Archbishop Coleman F. Carroll High Sch. Inc. v. Maynoldi</u>, 30 So. 3d 533 (Fla. 3d DCA 2010).

3

accepting additional assignments and, therefore, Feinzig and Telischi had forfeited all or part of their payments.

In addition to these defenses to payment, Deehl also argued below that Florida's Statute of Frauds precluded Feinzig and Telischi from recovery of the fees. Essentially, Deehl argued that the time for performance of each oral contract exceeded one year.

### C. Feinzig's and Telischi's Proposals for Settlement

On December 10, 2012, Feinzig and Telischi each served a proposal for settlement on Deehl, pursuant to section 768.79 of the Florida Statutes and Rule 1.442 of the Florida Rules of Civil Procedure. Feinzig proposed to settle its case for $125,000; Telischi proposed to settle its case for $50,000.

In accordance with Rule 1.442(c)(2)(A), each proposal identified the respective plaintiff making the proposal; each identified Deehl as the party to whom the proposal was being made; and each proposal indicated that, in exchange for payment, the offering plaintiff would file a notice of dismissal with prejudice of that party's claims against Deehl.

Each proposal also included an exhibit titled "Mutual Release" purporting to require each party to release the other party for any claims associated with the case. Each mutual release document contained two signature lines for execution:

4

one line for the offeror's signature (either Feinzig or Telischi) and another for the offeree's signature (Deehl).

The mutual releases contained language which, in pertinent part, read as follows:

> . . . **FEINZIG** [**TELISCHI**], on behalf of itself and its respective officers, directors, agents, employees, stockholders, subsidiary corporations, parent corporations, affiliates, underwriters, successors, and assigns, and **D&C**, on behalf of itself and its respective officers, directors, agents, employees, stockholders, subsidiary corporations, parent corporations, affiliates, underwriters, successors, and assigns, hereby mutually waive, release and forever discharge all claims, legal or contractual rights, damages, penalties, forfeitures, judgments, costs, executions and demands which the parties hereto ever had or now have, including actions or proceedings in any court or before any commission or other body, against each other and/or the individual attorney principals of the parties (Michele K. Feinzig [Joanne R. Telischi], David L. Deehl and Susan S. Carlson), which are connected with or related to the allegations of the above-referenced lawsuit . . .[2]

Deehl did not accept either proposal for settlement.

*D. The Trial Court's Final Judgment (Main Appeal)*

The trial court conducted a two-day bench trial in September of 2013, and entered final judgment in favor of Feinzig and Telischi on February 24, 2014. The trial court's final judgment contains detailed findings of fact and conclusions of law.

---

[2] The Feinzig mutual release adds that the release excludes claims the parties might have against each other based on other Deehl cases for which Feinzig performed services.

The trial court concluded that: (i) Feinzig and Telischi did not abandon their work on the Case when they stopped accepting assignments from Deehl as a consequence of Deehl not paying them; (ii) payments to Feinzig and Telischi for their work on the Case at their respective hourly rates were due within a reasonable time; (iii) Florida's Statute of Frauds did not preclude recovery; and (iv) Deehl breached its oral contracts with Feinzig and Telischi.[3]

### E. The Trial Court's Order Denying Attorneys' Fees (Fee Appeal)

Having met the mathematical threshold of section 768.79, entitling them to a recovery of costs and attorney's fees,[4] Feinzig and Telischi timely filed their respective motions for such fees.

Deehl opposed Feinzig's and Telischi's motions, arguing that Feinzig's and Telischi's proposals for settlement were ambiguous. Specifically, Deehl argued that the language contained in each mutual release, specifically identifying each individual attorney within the firms involved, contradicted that portion of the proposal for settlement that identified each proposal's offeror and offeree.

---

[3] The trial court awarded Feinzig $160,320.54, plus prejudgment interest of $31,948.82, for a total amount of $192,269.36. The trial court awarded Telischi $68,725.00, plus prejudgment interest of $13,695.58, for a total amount of $82,420.58.

[4] A plaintiff who obtains a judgment of at least twenty-five percent more than its proposal for settlement offer is entitled to recover reasonable costs and attorney's fees. § 768.79(1), (6) (2014).

On September 17, 2014, the trial court entered an order determining that the inclusion of the names of the individual attorneys in the mutual releases' prefatory language created an ambiguity that rendered each proposal for settlement unenforceable.

F. Proceedings in this Court

Deehl timely appealed the trial court's February 24, 2014 final judgment, and Feinzig and Telischi timely appealed the trial court's September 17, 2014 order denying their motions for costs and attorney's fees.

We consolidated the two appeals and entertained oral argument solely on the Fee Appeal.

**II. Standard of Review**

We review the trial court's final judgment in the Main Appeal to determine whether the trial court's findings of fact are supported by competent substantial evidence. Miami Fourth, LLC v. GC Lounge, LLC, 137 So. 3d 1073 (Fla. 3d DCA 2014). We review de novo the trial court's interpretation of contract law. Gray v. D & J Indus., Inc., 875 So. 2d 683 (Fla. 3d DCA 2004) (Mem). When the trial court resolves an issue by a grant of summary judgment, our review is also de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000).[5]

---

[5] The trial court resolved several issues on summary judgment, including the Statute of Frauds issue, which is one of the bases for appeal. The trial court invited

7

Because the trial court's order denying plaintiffs' motion for fees was based on an alleged ambiguity in the actual proposal for settlement documents, we review de novo the trial court's order in the Fee Appeal, which denied Feinzig and Telischi their proposed attorney's fees. Oasis v. Espinoza, 954 So. 2d 632 (Fla. 3d DCA 2007).

**III. Analysis**

A. *Main Appeal*

In its February 24, 2014 order, the trial court found that: (i) the Statute of Frauds did not apply to invalidate the oral contracts between Deehl and Feinzig and Telischi because, by several measures, the parties intended the contracts to be performed within one year; (ii) the time for payment to Feinzig and Telischi was a "reasonable time" after their performance, and Feinzig and Telischi were not required to wait until the end of the Case for payment; (iii) Feinzig and Telischi, as independent contractors, did not abandon their entitlement to payment for the services they had performed, by declining to accept additional assignments; and, therefore, (iv) Deehl breached the enforceable oral contracts with Feinzig and Telischi.

---

additional briefing on the Statute of Frauds issue, and then ratified its grant of summary judgment on this issue in its final judgment.

8

We affirm the final judgment for Feinzig and Telischi in the Main Appeal. The trial court's findings of fact are supported by competent substantial evidence. The trial court's interpretations of law are well founded.

B. *Fee Appeal*

The trial court determined that the mutual releases attached to Feinzig's and Telischi's proposals for settlement created an inconsistency between the two documents, resulting in an ambiguity that rendered the proposals for settlement unenforceable.

Specifically, the trial court found that Feinzig's and Telischi's naming of the individual attorneys in the mutual releases created an inconsistency between the mutual releases and the identified "offeror" and "offerees" in the proposals for settlement. In its order, the trial court stated:

> The names of these individuals do not constitute "standard or typical language" generally found in releases. These individuals are non-parties to the case in question, yet their participation is, in effect, implicitly required by the terms of the mutual releases which encompass claims and/or rights they may have as individuals. This contradicts the terms of the proposals which both indicate that they are being made only to DCPA [Deehl] and that only DCPA is required to execute mutual releases. This contradiction between the proposals and the mutual releases creates an ambiguity that renders the proposals unenforceable.

We disagree, as this case is controlled by our decision in Jessla Construction Corp. v. Miami-Dade County School Board, 48 So. 3d 127 (Fla. 3d DCA 2010).

9

In Jessla, we concluded that a proposal for settlement conditioned upon the execution of a standard release identifying typical affiliates of a party[6] does not create an ambiguity rendering the proposal for settlement unenforceable. Id. at 130. In other words, the inclusion of these non-parties as releasees created no inconsistency between the releasee and the offeree identified in the body of the proposal for settlement. Id.

In the instant case, the mutual release calls for the law firms – the actual parties to the lawsuit, expressly identified in the body of the proposals for settlement as the offeree and offeror – to release each other. As is standard in release language, each law firm's release includes claims "on behalf of itself and its respective officers, directors, agents, employees, stockholders, subsidiary corporations, parent corporations, affiliates, underwriters, successors and assigns. . . ."

That the mutual releases specifically identify persons who are employees or stockholders of the respective parties in no way creates an ambiguity, broadens the scope of the mutual releases, or contradicts to whom the proposals are being made. See Bd. of Trs. of Fla. Atl. Univ. v. Bowman, 853 So. 2d 507 (Fla. 4th DCA

---

[6] In Jessla, a general release included "past, present and future affiliates, subsidiaries, parent companies and all of its respective officers, directors, partners, shareholders, employees, representatives, agents, successors and assigns." Jessla, 48 So. 3d at 130.

10

2003). We note that Deehl is unable to suggest how the inclusion of the names of the individual attorneys might confuse the parties executing those mutual releases.

The trial court's order also makes reference to another purported ambiguity in the proposals for settlement, regarding the failure to identify with specificity the claims being released. In our view, the proposals for settlement clearly identify the claims being released as those related to services provided in conjunction with the Case. In fact, the Feinzig mutual release takes pains to identify those cases for which Feinzig provided services to Deehl that are outside the scope of the mutual release.

**IV. Conclusion**

On the Main Appeal, we affirm the trial court's final judgment in favor of Feinzig and Telischi. On the Fee Appeal, we reverse the trial court's order denying Feinzig and Telischi an entitlement to attorney fees pursuant to section 768.79 and remand for proceedings consistent herewith.

Affirmed in part; reversed and remanded in part.