DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOWN OF JUPITER,**
Appellant,

v.

**SALLY ARMES,**
Appellee.

No. 4D2024-3058

[March 25, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine D. Cheesman, Judge; L.T. Case No. 502022CA008712XXXXMB.

Lyman Hawley Reynolds, Jr., Katherine Eileen Herald, and George Preston Roberts, Jr. of Roberts Reynolds Bedard & Tuzzio, PLLC, West Palm Beach, for appellant.

Kali Lauren Wechsler of Zinober Diana & Monteverde, P.A., Fort Lauderdale, for appellee.

CONNER, J.

The defendant in this personal injury suit appeals from the trial court's denial of the defendant's attorneys' fees motion based on the defendant's proposal for settlement. We reverse the denial because the defendant's proposal for settlement did not contain ambiguous terms or create an impossible condition that thwarted the plaintiff's ability to properly evaluate the proposal. Thus, we remand for further proceedings consistent with this opinion.

## **Background**

The plaintiff filed a complaint alleging personal injuries from an accident allegedly caused by a door on the defendant's property. Prior to trial, the defendant made a proposal for settlement ("PFS"), which the plaintiff did not accept. The case proceeded to a jury trial, resulting in a verdict for the defendant, finding no negligence.

After a final judgment was entered in the defendant's favor, the defendant moved for attorneys' fees pursuant to the PFS under section 768.79, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.442. The PFS stated: (1) it was made pursuant to section 768.79 and rule 1.442; (2) it was made by the defendant to the plaintiff with the intention of settling all claims against the defendant as a result of the accident suffered on the specific date the plaintiff was injured on the defendant's property; (3) its total amount offered was $500; (4) its amount was for compensatory damages and was not for punitive damages or attorneys' fees; and (5) if the PFS was accepted, the plaintiff would voluntarily dismiss all claims with prejudice.

At issue in this appeal is the PFS's paragraph 7:

> If this proposal for settlement is accepted, it is contemplated that PGCS CLAIM SERVICES shall pay FIVE HUNDRED DOLLARS AND ZERO CENTS ($500.00) on behalf of [the defendant].

The plaintiff's response to the defendant's fees motion contended the defendant's PFS was ambiguous in that the PFS "contemplated" payment and did not provide a definitive resolution. Additionally, the plaintiff argued paragraph 7 was ambiguous because it states that PGCS Claim Services ("PGCS") would pay the plaintiff. The plaintiff contended that the trial court would have no jurisdiction over PGCS to enforce the agreement as PGCS was not a party to the action.

The defendant replied that the PFS was a valid settlement proposal, and the proposal's terms were sufficiently clear and definite to allow the plaintiff to make an informed decision. Additionally, the defendant contended the plaintiff could not argue that the inclusion of contemplated payment by PGCS, the claims agent for the defendant's insurer, would reasonably affect the plaintiff's ability to make an informed decision. The defendant attached to its reply a claim letter which PGCS had sent to the plaintiff's attorney prior to suit and three certifications of PGCS's authority to act on behalf of the defendant's insurer.

At the fees hearing, the trial court was concerned whether naming a non-party insurer created an ambiguous term in a PFS. At the close of the hearing, the trial court directed the parties to provide case law on that point.

The trial court later summarily denied the defendant's motion for entitlement to attorneys' fees. The defendant moved for rehearing,

2

specifically arguing a party's insurer is considered a de facto party for settlement purposes and citing case law allowing the insurer to recover fees and costs on behalf of the insured, even when the insurer was not a named party in the suit. The trial court denied the motion for rehearing and the defendant gave notice of appeal.

## **Appellate Analysis**

*The Parties' Arguments on Appeal*

The defendant argues that the trial court erred in denying its attorneys' fees motion because the PFS (1) complied with the statutes and rules; (2) did not include ambiguous terms; and (3) did not include any impossible condition for the plaintiff to perform. Specifically, the defendant argues that section 768.79 and rule 1.442 do not require the offeror to name the entity who will be making the payment or preclude the offeror from naming the entity making payment. Additionally, the defendant argues that (1) the PFS contains no nonmonetary terms; (2) paragraph 7's provisions using the term "contemplated" and stating that the insurer would pay the settlement amount were not ambiguous terms that could affect the plaintiff's decision whether to accept; and (3) designating payment by the insurer did not create an impossible condition.

The plaintiff responds that the PFS's reference to PGCS paying the settlement amount was a nonmonetary term which rule 1.442(c)(2) prohibited. Additionally, the plaintiff contends that including PGCS as the payor was ambiguous and an impossible condition because it was not clear whether the trial court would be able to enforce PGCS's payment.

The defendant replies that the plaintiff's argument that the PFS payment term is ambiguous should be rejected as speculative. The defendant further argues that speculation that a PFS term may not be complied with does not mean the PFS is ambiguous. Additionally, the defendant argues that the plaintiff has failed to show how the payment term has two meanings and thus fails to meet the definition of ambiguous.

*Applying the Law to the Facts*

"We have de novo review of orders concerning section 768.79 and Florida Rule of Civil Procedure 1.442." *Lyons v. Chamoun*, 96 So. 3d 456, 457 (Fla. 4th DCA 2012) (citing *Papouras v. Bellsouth Telecomms., Inc.*, 940 So. 2d 479, 480 (Fla. 4th DCA 2006)). Matters of statutory construction

are also reviewed de novo.  *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013).

A party can recover reasonable attorneys' fees and costs under section 768.79 and rule 1.442, if (1) the offeree fails to accept the PFS within thirty days; and (2) the offeree ultimately obtains a judgment that is at least 25% less than the PFS amount.  § 768.79(6)(a), Fla. Stat. (2022).[1]  "The PFS must also strictly comply with the requirements of section 768.79(2) and rule 1.442(c)(2)." *United Cab of Broward, LLC v. Muller*, 397 So. 3d 80, 84 (Fla. 4th DCA 2024) (citing *Pratt v. Weiss*, 161 So. 3d 1268, 1273 (Fla. 2015)).

We address the parties' appellate arguments using three headings:

> A. Compliance with Statutory and Rule Language;
> B. Ambiguity of a Required Term; and
> C. The Existence of an Impossible Condition.

*A. Compliance with Statutory and Rule Language*

Section 768.79(2), Florida Statutes (2022), provides that a PFS must:

> (a)  Be in writing and state it is made [under section 768.79].
> (b)  Name the party making [the PFS] and the party to whom it is being made.
> (c)  State with particularity the amount offered to settle a claim for punitive damages, if any.
> (d)  State its total amount.

§ 768.79(2)(a)-(d), Fla. Stat. (2022).  Additionally, by rule, the PFS must:

> (C) exclude nonmonetary terms, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute;
> . . .
> (F)  state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
> (G)  include a certificate of service[.]

---

[1] Section 768.79's operative version here was effective from July 1, 1997, to December 15, 2022.  *See Stevens v. Fla. Peninsula Ins. Co.*, 423 So. 3d 459, 461 (Fla. 2d DCA 2025) (determining that the PFS was served and rejected in 2020, and thus the July 1, 2022 rule 1.442 amendment was not applicable because the PFS was served and rejected *before* the effective date of the rule change).

Fla. R. Civ. P. 1.442(c)(2) (2022).

In addition to strict compliance with section 768.79 and rule 1.442, the PFS "must state with particularity any relevant conditions and all non-monetary terms." *Sanchez v. Cinque*, 238 So. 3d 817, 826 (Fla. 4th DCA 2018) (quoting *Palm Beach Polo Holdings, Inc. v. Village of Wellington*, 904 So 2d 652, 653 (Fla. 4th DCA 2005)). The PFS "must be sufficiently clear and free of ambiguity to allow the offeree the opportunity to fully consider the proposal." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).

The appellate dispute in this case regarding compliance with statutory and rule language focuses on the rule provision that a PFS is to exclude nonmonetary terms, except for a voluntary dismissal of all claims with prejudice and other nonmonetary terms permitted by statute. Specifically, the issue is whether the provision stating that PGCS will pay the settlement amount is a permitted nonmonetary term.

The plaintiff admits that "nonmonetary term" is not defined in section 768.79 or rule 1.442. Black's Law Dictionary does not define the term. Our research has not revealed a Florida case defining the term.

The plaintiff contends "nonmonetary term" is "generally one that creates a contingency on payment, such as dismissal of a lawsuit or execution of a release," citing *Lyons*, 96 So. 3d at 457-58. While we agree that *Lyons* stands for the proposition that a settlement term requiring dismissal of a lawsuit or execution of a release prior to payment of the settlement sum is a nonmonetary term of a settlement agreement, we do not read *Lyons* to mean nonmonetary terms necessarily create a "contingency on payment." It depends on the PFS's wording.

Merriam-Webster Dictionary defines "monetary" as "of or relating to money or the mechanisms by which it is supplied to and circulates in the economy." *Monetary*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/monetary (last visited Mar. 2, 2026). According to Merriam-Webster Dictionary, "nonmonetary" means "not of or relating to money." *Nonmonetary*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/nonmonetary (last visited Mar. 2, 2026). Thus, in terms of the ordinary meaning of "monetary" and "nonmonetary," we construe a provision of a PFS identifying who will pay a settlement sum as a monetary term, rather than a nonmonetary term.

Additionally, we note that the defendant's obligation to pay money is not contingent on anything other than the plaintiff accepting the settlement offer. No PFS term requires the offeree to do anything to be entitled to payment other than giving notice of acceptance (indicating a contract is formed). Taking a step to form a contract (accepting an offer) is not the same thing as performing a term after the contract is formed. Simply put, designating who will pay the settlement sum is not a "contingency on payment."

Thus, if the trial court denied awarding fees based on paragraph 7 creating an unpermitted nonmonetary term, the trial court erred.

*B. Ambiguity of a Required Term*

The defendant argues that the PFS does not include ambiguous terms that could reasonably have affected the plaintiff's decision whether to accept the PFS. The plaintiff argues that two terms within paragraph 7 of the PFS, "contemplated" and "PGCS Claim Services shall pay . . . on behalf," are ambiguous.

Ambiguity is "the condition of admitting more than one meaning." *Saenz v. Campos*, 967 So. 2d 1114, 1117 (Fla. 4th DCA 2007) (quoting *The Random House College Dictionary* 42 (revised ed. 1980)). A latent ambiguity arises "where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings." *Saenz*, 967 So. 2d at 1117 (quoting *Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC.*, 915 So. 2d 657, 659 (Fla. 2d DCA 2005)).

The plaintiff contends the PFS contained a latent ambiguity by including PGCS as the payor because PGCS was not the PFS's offeror, and nothing in the PFS showed that PGCS had agreed to or was obligated to pay. The defendant replies that the plaintiff does not point out a second meaning created by PGCS's inclusion as payor.

The Third District's *Michele K. Feinzig, P.A. v. Deehl & Carlson, P.A.*, 176 So. 3d 305 (Fla. 3d DCA 2015) is instructive. There, Michele K. Feinzig, P.A., and Joanne Rose Telischi, P.A., both single-member law firms, entered into an oral agreement with Deehl & Carlson, P.A., a law firm with two shareholders, to provide trial support and appellate services in a personal injury suit. *Id.* at 306. When Deehl & Carlson refused to pay the support services fees, the Feinzig and Telischi firms jointly sued Deehl & Carlson *Id.* Before trial, the Feinzig and Telischi firms separately served

a PFS on Deehl & Carlson. *Id.* at 307. Both PFSs were not accepted. *Id.* After prevailing in the fees suit, the Feinzig and Telischi firms filed motions for fees based on the PFSs. *Id.* at 308.

Deehl & Carlson contested the fees motion because the mutual release attached to each PFS named Feinzig, Telischi, Deehl, and Carlson, individually, as giving the release, rather than the professional associations. *Id.* Deehl & Carlson contended naming the four individual attorneys as giving the releases conflicted with the named offerors and offerees in the PFS, the firms, creating ambiguity within the PFS documents. *Id.* The trial court agreed with the ambiguity argument and denied the fees motions. *Id.*

The Third District reversed the denial of PFS fees to the Feinzig and Telischi firms, citing its prior decision in *Jessla Construction Corp. v. Miami–Dade County School Board,* 48 So. 3d 127 (Fla. 3d DCA 2010), as controlling. *Feinzig,* 176 So. 3d at 309. In *Jessla,* the Third District reasoned that PFSs requiring mutual releases are a common practice and held that a PFS "conditioned upon the execution of a standard release identifying typical affiliates of a party does not create an ambiguity rendering the proposal for settlement unenforceable." *Feinzig,* 176 So. 3d at 309 (citing *Jessla,* 48 So. 3d at 130). Likewise, the Third District held in *Feinzig* that the inclusion of the employees and stockholders of the respective firms in the mutual release did not render the PFS ambiguous. *Id.* at 310.

The PFS must be read as a whole and "is not ambiguous unless a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resorting to the ordinary rules of construction." *Alamo Financing L.P. v. Mazoff,* 112 So. 3d 626, 630 (Fla. 4th DCA 2013). "The intention of the parties must be determined from an examination of the entire contract and not from separate phrases or paragraphs." *Id.* (quoting *Moore v. State Farm Mut. Auto. Ins. Co.,* 916 So. 2d 871, 875 (Fla. 2d DCA 2005). A court can only invalidate a PFS for "reasonable ambiguities," and courts should not nitpick the proposal for inconsequential ambiguities. *Diecidue v. Lewis,* 223 So. 3d 1015, 1018 (Fla. 2d DCA 2017) (citing *Anderson v. Hilton Hotels Corp.,* 202 So. 3d 846, 852-53 (Fla. 2016)).

Here, reading the PFS as a whole makes clear that the agreement was between the defendant and the plaintiff. It is also clear that the defendant was offering $500 as a settlement amount, and that the plaintiff would receive the settlement amount if she accepted the PFS. The fact that payment would go through the defendant's insurer does not create an ambiguity that could reasonably affect her decision to accept the proposal.

We agree with the defendant's argument that no authority states a PFS requires a party to make the payment rather than a party's insurer. As the defendant argues, Florida law allows insurers to be involved in the defense of claims and payments of settlements. In tort litigation, an insurer often controls the defense, pays litigation costs, and pays settlements and judgments. Section 627.4136(4), Florida Statutes (2022) allows joinder of the insurer solely "for purposes of . . . enforcing the settlement[.]" § 627.4136(4), Fla. Stat. (2022). Finally, as the defendant argues, if the PFS was accepted, a binding contract would exist between the plaintiff and the defendant, and the plaintiff would be able to enforce payment from the defendant irrespective of the PFS stating PGCS would make payment. Thus, we reject the plaintiff's argument that naming PGCS as payor of the settlement funds created an ambiguity.

We also reject the plaintiff's argument that using the word "contemplated" in the PFS rendered the PFS ambiguous when read in its entirety. The PFS immediately follows "contemplated" with "shall pay." The rest of the PFS is unambiguous that the defendant intended $500 to be the amount offered to pay the plaintiff for a voluntary dismissal of the case. Therefore, when the PFS is read as a whole, the term "contemplated" does not render the PFS ambiguous.

Thus, if the trial court denied the defendant's fees motion based on paragraph 7 creating ambiguous terms, the trial court erred.

### C. The Existence of an Impossible Condition

The plaintiff argues that paragraph 7's reference to PGCS paying on the defendant's behalf created an impossible condition precluding the plaintiff from being able to properly evaluate the PFS. More specifically, the plaintiff argues that because PGCS was not the PFS's offeror, and because nothing in the PFS showed that PGCS was obligated or agreed to pay, it was impossible for her to know that she would be paid if she dismissed the suit. The plaintiff also contends that because the defendant was not explicitly required to make payment, the defendant had no reason to uphold its side of the bargain.

However, as stated above, once the plaintiff accepted the PFS, the $500 payment by or on behalf of the defendant would have been binding. Payment was not conditioned on the plaintiff dismissing the suit. Additionally, as the Second District held in *Ekonomides v. Sharaka*, 133 So. 3d 1174, 1175 (Fla. 2d DCA 2014), even if a plaintiff dismisses suit

8

pursuant to a PFS, if the plaintiff does not receive payment as agreed after dismissal, the trial court still has jurisdiction to enforce the settlement.

Thus, if the trial court denied the defendant's fees motion based on paragraph 7 creating an impossible condition, the trial court erred.

### Conclusion

We have determined that the trial court erred in denying the defendant's attorneys' fees motion. The motion was based on a proposal for settlement that complied with section 768.79 and rule 1.442, and was rejected by the plaintiff, followed by a jury verdict in the defendant's favor. We therefore reverse the denial and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings consistent with this opinion.*

MAY and LOTT, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely-filed motion for rehearing.***

9