SUAREZ, J.
Central Motor Company (“Central Motor”) appeals the denial of a motion for attorney’s fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2007). We affirm the trial court’s order denying attorney’s fees and costs.
Central Motor sold Shaw a ear which was financed by Hyundai Motor Finance Company (“Hyundai Finance”) through a retail installment sales contract. Shaw sued both Central Motor and Hyundai Finance for unfair and deceptive trade practices. She alleged that both companies acted in concert by failing to inform her of the rates and terms of the loan, which were higher than the normal buy-rate. In February, 2004, Central Motor sent a Proposal for Settlement in which it offered Shaw $1,000.00 in exchange for a voluntary dismissal with prejudice of the action against Central Motor. Shaw did not accept. On October 4, 2006, with the knowledge of Central Motor, Shaw and Hyundai Finance entered into a settlement agreement whereby Hyundai Finance and Shaw stipulated that Hyundai Finance would pay a total of $10,000.00 to Shaw and her attorney, to be divided equally, and that Shaw would voluntarily dismiss with prejudice her lawsuit against both Hyundai Finance and Central Motor.[1] Hyundai Finance paid the $10,000.00 to Shaw, and Shaw voluntarily dismissed with prejudice her lawsuit as stipulated. After the voluntary dismissal with prejudice was taken, Central Motor filed a Supplementary Motion for Attorney’s Fees and Costs pursuant to the offer of judgment statute. See § 768.79, Fla. Stat. (2007).[2]
*369 Under the statute, if there is a judgment of no liability or one for at least twenty-five percent of the offer of settlement, the offeror in this case, Central Motor, is entitled to attorney’s fees and costs. Central Motor filed the Supplementary Motion for Attorney’s Fees and Costs in reliance upon the fact that, in February of 2004, it had filed a Proposal for Settlement in which it had offered Shaw $1,000.00 in exchange for a voluntary dismissal with prejudice. Central Motor contends that, because it paid no money toward the October, 2006 stipulated settlement, its offer of judgment for $1,000.00 was not accepted, and Shaw received the $10,000.00 from Hyundai Finance, it is entitled to attorney’s fees and costs. Based on the facts before us, we disagree and affirm the trial court’s denial of Central Motor’s Supplemental Motion for Attorney’s Fees and Costs.
In its brief, Central Motor relies on the case of MX Investments, Inc. v. Crawford, 700 So.2d 640 (Fla.1997). MX Investments is factually distinguishable and not dispositive of this case. In MX Investments, after suit was filed, MX Investments served two offers of judgment. Prior to trial, plaintiffs filed a voluntary dismissal without prejudice. MX Investments then moved for attorney’s fees pursuant to its statutory offers of judgment. The issue before the Florida Supreme Court was whether attorney’s fees should be awarded pursuant to section 768.79, Florida Statutes (2007), where a voluntary dismissal without prejudice had been taken. Like the facts in MX Investments, Central Motor filed an offer of judgment. The offer was for $1,000.00. Unlike the facts of MX Investments, this lawsuit ended with the payment of money to the plaintiff with the agreement that such payment would release the action against both defendants, and that the plaintiff would enter a voluntary dismissal with prejudice as to both defendants. Central Motor, having benefited from Hyundai Finance’s payment of $10,000.00 to settle the lawsuit, now seeks additional profit from the settlement by requesting attorney’s fees and costs. This is not the intent of the statute, and such interpretation would lead to an absurd result. See Wollard v. Lloyd’s & Cos., 439 So.2d 217, 218 (Fla.1983).
The history of cases interpreting the intent of the offer of judgment statute and those adopting Florida Rule of Civil Procedure 1.442 “reflect that an award of attorney fees authorized by section 768.79 is a sanction against the rejecting party for the refusal to accept what is presumed to be a reasonable offer ... for unnecessarily continuing the litigation.... The factors specified in rule 1.442 each have to do with the evaluation and nature of the offers and the case in litigation.” Sarkis v. Allstate Ins. Co., 863 So.2d 210, 222 (Fla.2003). For Central Motor to receive an award of attorney’s fees and costs, this Court would have to find that Shaw, by rejecting Central Motor’s offer, caused “delay costs and expenses” unnecessarily prolonging the litigation. The facts of this case do not *370 demonstrate that Shaw’s rejection of the offer unnecessarily prolonged the litigation adding additional costs and expenses such that she should be sanctioned. She should not be sanctioned when, with Central Motor’s knowledge, she later agreed to settle her claim against both Hyundai Finance and Central Motor for a much greater amount than offered by Central Motor alone. Without objection, Central Motor knowingly allowed the money to be paid on its behalf to secure a complete release from the litigation. Now Central Motor should not be permitted to profit more, in attorney’s fees and costs, than it already has from Hyundai Finance’s settlement with Shaw that resulted in its being released from the lawsuit. Because Shaw agreed to the dismissal with prejudice against both defendants as part of the terms of the settlement, and since Central Motor knowingly benefítted from the $10,000.00 payment on its behalf to secure, not only Hyundai Finance’s, but Central Motor’s release from litigation, the dismissal with prejudice here should not be considered a basis for an award of attorney’s fees and costs within the meaning of the offer of judgment statute.[3] To do otherwise would counter the intent of the statute and would amount to nothing more than a “gotcha” tactic. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979).
There is no reason to impose a sanction on Shaw for rejecting Central’s $1,000.00 offer in 2004, when Shaw achieved a much better $10,000.00 settlement with Hyundai Finance in 2006, along with the release of both defendants from the lawsuit — strictly a windfall readily accepted by Central Motor. Accordingly, we find that, based on these facts, Central Motor is not entitled to attorney’s fees and costs. See § 768.79, Fla. Stat. (2007); Sarkis, 863 So.2d at 218 (“[A]ttorney fees awarded pursuant to the offer of judgment statutes are sanctions ... for unreasonable rejections of offers of judgment.”); Wollard v. Lloyd’s & Cos., 439 So.2d at 218 (“It is a mere tenet of statutory construction that statutes will not be interpreted so as to yield an absurd result.”).
Affirmed.
SCHWARTZ, Senior Judge, concurs.

. Both Hyundai Finance and Central Motor received complete releases from Shaw.

. 768.79 Offer of judgment and demand for judgment—
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
(7)(b) When determining the reasonableness of an award of attorney's fees pursuant to this section, the court shall consider, along with all other relevant criteria, the following additional factors:
*369 1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting nonparties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.

. As the dissent points out, the entitlement to attorney's fees is expressly authorized as a matter of right by section 768.79(2)(a), Florida Statutes (2007). See op. at-. However, "[w]hile the reasonableness of the rejection of the offer ha[s] no bearing on the issue of entitlement to fees, the factors set forth in section 768.79(2)(b), which have been incorporated into rule 1.442, would have a bearing on the amount of attorney fees awarded by the court.” Sarkis, 863 So.2d at 221 (footnote omitted; emphasis added). (The section has been renumbered as 768.79(7)(b) in 1990 when the statute was amended.)