WHATLEY, Judge.
Jeanne M. McGregor appeals the order denying her motion for attorney’s fees and costs pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2010), and the rule implementing it, Florida Rule of Civil Procedure 1.442. We reverse because the trial court erred in denying McGregor’s motion.
McGregor filed suit against Valerie M. Molnar and Commercial Carrier Corporation (CCC) for injuries she sustained when Molnar, driving a truck in the course and scope of her employment with CCC, backed into McGregor’s car. McGregor alleged a count against Molnar for negligence and a count against CCC for vicarious liability for Molnar’s negligence. She subsequently served only Molnar with an offer to settle for $200,000 in exchange for a dismissal with prejudice against Molnar. The offer expressly reserved McGregor’s right to proceed against CCC. Molnar did not accept the offer. The case proceeded to a jury trial, and a final net judgment in the amount of $876,190.42 was entered in favor of McGregor. Because the final judgment exceeded McGregor’s offer to Molnar by 25%, McGregor filed an amended motion for attorney’s fees and costs pursuant to section 768.79 and rule 1.442. After a hearing, the trial court entered an order granting McGregor’s motion but reserving jurisdiction to determine the amount only if the parties could not reach a settlement through mediation. Extensive discovery was undertaken, and another hearing was held two years later before a different trial court judge. That judge denied McGregor’s motion for fees, finding that it was not made in good faith. The reasons the court gave for this finding were that the offer was not intended to conclude the litigation because all claims against CCC remained and that Molnar’s failure to accept the offer caused no additional delay or cost.
In TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995), the supreme court explained that section 768.79 creates a mandatory right to attorney’s fees if its prerequisites are met. Entitlement is determined solely by whether a party has served an offer and has recovered a judgment at least 25% greater than the offer. Id. A court may in its discretion disallow an entitlement to fees, “but only if it determines that a qualifying offer ‘was not made *911 in good faith.’ That is the sole basis on which the court can disallow an entitlement to an award of fees.” Id. at 612 (quoting Schmidt v. Fortner, 629 So.2d 1036, 1041 (Fla. 4th DCA 1993)). The burden of proving the absence of good faith is on the offeree. Gawtrey v. Hayward, 50 So.3d 739, 742 (Fla. 2d DCA 2010). “[T]he question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted.” Wagner v. Brandeberry, 761 So.2d 443, 446 (Fla. 2d DCA 2000).
If the court decides that the offer was made in good faith, section 768.79(7)(b) and rule 1.442(h)(2) set forth six factors to be considered in determining the reasonableness of an award.
It is ... the aioard of fees that must be reasonable, i.e., the determination of the amount of the fee, and not whether the entitlement is reasonable. Under this statute, the legislature did not give judges the discretion to determine whether it is reasonable to entitle qualifying plaintiffs to fees. Rather, it determined for itself that it is reasonable to entitle every offeror who makes a good faith offer (later rejected) ... to an award of fees. Under subsection (7)(b), the court’s discretion is directed by the statutory text solely to determining the reasonability of the amount of fees awarded; and that discretion is informed, at least partially, by the 6 factors thereafter listed in that subsection.
Dvorak, 663 So.2d at 613 (quoting Schmidt, 629 So.2d at 1040-42).
The trial court erred in finding that McGregor did not make her offer in good faith for several reasons. First, the fact that the offer did not conclude the litigation with regard to CCC is irrelevant. “Nothing in either the statute or the rule requires that a proposal settle all claims between all parties, or even all claims between the parties to the proposal.” Wagner, 761 So.2d at 447 (holding that plaintiffs offer was not made in bad faith where it would have completely settled all claims between the plaintiff and the defendant but the defendant would have remained in the case because of a cross-claim); see Hess v. Walton, 898 So.2d 1046, 1048 (Fla. 2d DCA 2005) (noting that if there had been a settlement with the vicariously liable defendant, the lawsuit would not have ended). McGregor’s offer of $200,000 to Molnar specifically stated that if it was accepted, it would result in a dismissal with prejudice of the claim against Molnar. Clearly the offer was made with the intent to settle the claim against Molnar. See Wagner, 761 So.2d at 446.
Second, in its order, the trial court stated that if McGregor’s offer were accepted, it would merely provide funds for McGregor to proceed with the litigation. But this court has noted that securing funding to further prosecute a case is a valid strategic reason behind an offer to settle. Hess, 898 So.2d at 1051. Like this case, Hess involved an action for damages against an active tortfeasor and a party vicariously liable for the active tortfeasor. The plaintiff made separate and unequal offers to settle to the defendants, which we consider to be analogous to making an offer to just one defendant. A jury returned a verdict in the plaintiffs favor that was at least 25% greater than the offer to the vicariously liable defendant, and the trial court granted the plaintiffs motion to tax attorney’s fees against that defendant. On appeal, this court rejected that defendant’s argument that section 768.79 and rule 1.442 do not allow a party to serve separate and unequal offers to settle on an active tortfeasor and the party vicariously *912 liable for the active tortfeasor. Id. at 1048. This court noted the following “logical, strategic” reasons for making differentiated offers:
It forces one defendant to settle. The plaintiff obtains money that can be used to further prosecute the lawsuit or which can be safeguarded from the risk of a future judgment if the defendants obtain the right to a judgment for their fees. The plaintiff can eliminate the defendant for whom the jury may have sympathy, or the defendant who may be on the brink of bankruptcy. If more than one lawyer is involved, the plaintiff can remove the defendant with the best lawyer. ... [W]e cannot rule that [these] are matters that a plaintiffs attorney should disregard when making a good faith offer to settle a case.
Id. at 1051.
Third, the trial court found that Molnar’s failure to accept the offer caused no additional delay or litigation costs. But this is not a factor to be considered in determining good faith; it is one of the six factors to be considered in determining the reasonableness of the amount of the fee award. § 768.79(7)(b)(6); Fla. R. Civ. P. 1.442(h)(2)(F) (“[t]he amount of the additional delay cost and expense that the party making the proposal reasonably would be expected to incur if the litigation were to be prolonged”). A trial court only determines the reasonableness of the amount of the fee award if it has not disallowed an award because of a lack of good faith. See Fla. R. Civ. P. 1.442(h)(1).
Thus, the trial court abused its discretion in finding that McGregor did not make her offer to Molnar in good faith. Accordingly, we reverse the order denying McGregor’s motion for attorney’s fees and remand for proceedings consistent with this opinion.
CASANUEVA and MORRIS, JJ., Concur.