SILBERMAN, Chief Judge.
Luke Braaksma, the plaintiff in the underlying personal injury action, seeks review of a final judgment declining to award him attorney’s fees against defendant Nancy A. Pratt under the offer of judgment statute. Although Braaksma obtained a qualifying judgment and his offer of judgment complied with the technical requirements of the statute, the trial court determined that a reasonable amount to be awarded is $0. We reverse.
The personal injury action was filed on behalf of the then-minor Braaksma after he was injured by falling shopping carts in a K-Mart parking lot. Braaksma sued Pratt, who was driving the vehicle that put the carts in motion, under a theory of negligence. Braaksma also sued B/W General Contractors, Inc., the owner of the vehicle, under a theory of vicarious liability. During the course of the underlying proceedings, Braaksma served a timely offer of judgment upon Pratt offering to settle the case against her for $50,000. Pratt rejected the offer, and the parties proceeded to trial. Braaksma prevailed in his claims and obtained a judgment of $293,939.84 to be recovered against both defendants, jointly and severally. Braaks-ma did not serve an offer of judgment on B/W General Contractors.
Braaksma subsequently filed a timely motion seeking attorney’s fees and costs from Pratt under the offer of judgment statute based on Pratt’s rejection of the $50,000 offer of judgment. At the hearing on the motion Pratt did not contest that Braaksma was entitled to attorney’s fees under the offer of judgment statute. But Pratt argued it would be reasonable to award $0 in attorney’s fees because Pratt’s rejection of the offer did not result in any additional delay costs and expenses to Braaksma. Pratt asserted that her rejection of the offer of judgment did not delay the litigation because, due to Braaksma’s failure to serve an offer of judgment on B/W Contractors, Braaksma would have been required to proceed to trial on the vicarious liability claim even if Pratt had accepted the offer. The trial court accepted Pratt’s position and entered an order declining to award Braaksma attorney’s fees. It is from this order that Braaksma appeals.
Section 768.79(1), Florida Statutes (2009), provides for attorney’s fees when a plaintiff files an offer of judgment that is not accepted and the plaintiff obtains a judgment that is “at least 25 percent greater than the offer.” It is a sanction against the party who rejects the offer for unnecessarily prolonging the litigation. Sarkis v. Allstate Ins. Co., 863 So.2d 210, 222 (Fla.2003). Both the statute and Florida Rule of Civil Procedure 1.442 set forth the technical requirements with which the offer of judgment, which rule 1.442 refers to as a proposal for settlement, must comply in order to trigger entitlement to fees. There is no question that Braaksma obtained a qualifying judgment and that his offer of judgment complied with the tech *915 nical terms of section 768.79 and rule 1.442.
Once the court determines that a party has complied with the technical terms of section 768.79 and rule 1.442, the court may disallow fees only upon a finding that the offer was not made in good faith. See § 768.79(7)(a); Fla. R. Civ. P. 1.442(h)(1); TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606, 612 (Fla.1995); McGregor v. Molnar, 79 So.3d 908, 910-11 (Fla. 2d DCA 2012). If there is no such finding, then the court must determine the reasonableness of the amount of the award. See § 768.79(7)(b); Fla. R. Civ. P. 1.442(h)(2); TGI Friday’s, 663 So.2d at 611-13; McGregor, 79 So.3d at 911. The court is required to consider, in addition to “all other relevant criteria,” the following factors in determining reasonableness of the fee award:
1. The then apparent merit or lack of merit in the claim.
2. The number and nature of offers made by the parties.
3. The closeness of questions of fact and law at issue.
4. Whether the person making the offer had unreasonably refused to furnish information necessary to evaluate the reasonableness of such offer.
5. Whether the suit was in the nature of a test case presenting questions of far-reaching importance affecting non-parties.
6. The amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.
§ 768.79(7)(b); see also Fla. R. Civ. P. 1.442(h)(2)(A)-(F).
In this case, there was no question that Braaksma’s offer of judgment was made in good faith. In fact, Pratt did not dispute Braaksma’s entitlement to fees pursuant to the offer of judgment. The trial court nonetheless denied Braaksma fees based on its determination that such an award was not reasonable under section 768.79(7)(b)(6) because Pratt’s rejection of the offer did not result in any additional delay costs and expenses to Braaksma. The court’s reliance on this one reasonableness factor to decline to award fees to Braaksma altogether was error.
Compliance with the technical terms of the offer of judgment statute and rule creates “a mandatory right to attorney’s fees.” TGI Friday’s, 663 So.2d at 611 (quoting Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993)).
Under this statute, the legislature did not give judges the discretion to determine whether it is reasonable to entitle qualifying plaintiffs to fees. Rather, it determined for itself that it is reasonable to entitle every offeror who makes a good faith offer (later rejected) 25 percent more or less than the judgment finally entered to an award of fees. Under subsection (7)(b), the court’s discretion is directed by the statutory text solely to determining the reasonability of the amount of fees awarded; and that discretion is informed, at least partially, by the 6 factors thereafter listed in that subsection.
Id. at 613 (quoting Schmidt, 629 So.2d at 1042). Thus, a trial court is not permitted to use the enumerated factors in section 768.79(7)(b) to decline to award fees altogether. Id. at 612 (approving district court decision reversing the denial of attorney’s fees under section 768.79 based solely on the reasonableness of the rejection of the offer); see also Hartley v. Guetzloe, 712 So.2d 817, 818 (Fla. 5th DCA 1998) (reversing denial of attorney’s fees under legally sufficient offer of judgment because the trial court denied the motion *916 based solely on one of the enumerated factors under section 768.79(7)(b)).
We recognize that the Third District has held that a party may be denied attorney’s fees under the offer of judgment statute despite technical compliance with its terms. See Segundo v. Reid, 20 So.Sd 933 (Fla. 3d DCA 2009); Cent. Motor Co. v. Shaw, 3 So.3d 367 (Fla. 3d DCA 2009). But we are not persuaded that the Third District’s analyses in Segundo and Central Motor Co. are consistent with the supreme court’s holding in TGI Friday’s that once entitlement to a fee award is determined in favor of a party, a trial court cannot then use the reasonableness factors to deny fees altogether. See 663 So.2d at 611-12. To the extent that the Third District’s cases appear to allow for an outright rejection of fees when the offer of judgment technically complies with the statute, we agree with the criticism set forth in Judge Shepherd’s dissent in Central Motor Co. See 3 So.3d at 372-73 (Shepherd, J., dissenting).
Further, because of differing circumstances in this case, we conclude that Segundo and Central Motor Co. do not compel a different result here. Neither case is directly on point because both cases rest on unique equitable considerations surrounding the offers. In Central Motor Co., the trial court denied attorney’s fees under Central Motor’s technically sufficient offer of judgment because the plaintiff eventually settled with a codefendant pursuant to a settlement offer that released both defendants. 3 So.3d at 368. The Third District affirmed, holding that an award of fees under such circumstances would contravene the intent of section 768.79 because a plaintiff should not be sanctioned when she did not actually prolong the litigation, the amount paid by the codefendant in settlement was much greater than the amount Central Motors had offered, and Central Motors actually benefited from the settlement. Id. at 369-70. The court characterized Central Motor’s use of the voluntary dismissal as a basis for fees under the offer of judgment as “a ‘gotcha’ tactic.” Id. at 370.
In Segundo, the Third District reversed an attorney’s fee award under a technically sufficient offer of judgment and concluded that the plaintiff was not entitled to any fees because, based on the injuries known to the defendant at the time the offer was made, the defendant’s rejection of the offer was not unreasonable. 20 So.3d at 938. The court noted that, without damages for the later discovered injuries, the jury’s verdict would not have qualified for fees under section 768.79. The court concluded that awarding fees in those circumstances “would penalize the defendant for damages not pled nor proven until after the proposal for settlement was rejected and permit the plaintiff to benefit from the changing nature of his claim.” Id. The court characterized the circumstances of that case as “unique.” Id. at 939.
To be sure, the trial court in this case could have awarded a reduced amount of attorney’s fees to Braaksma based on the applicable factors, including “[t]he amount of the additional delay cost and expense that the person making the offer reasonably would be expected to incur if the litigation should be prolonged.” See § 768.79(7)(b)(6). But the court could not rely on a reasonableness factor to disallow fees entirely. Furthermore, we are unable to discern whether the trial court considered any of the remaining reasonableness factors under section 768.79(7)(b) and “all other relevant criteria” as the statute requires. One of the problems with the trial court’s focusing solely on the delay cost and expense in this case is that it ignores the other relevant criteria of how a settlement might have affected the rest of the proceeding. As this court has explained, plaintiffs may have an assortment of valid *917 reasons to differentiate offers between tortfeasors and vicariously liable defendants:
It forces one defendant to settle. The plaintiff obtains money that can be used to further prosecute the lawsuit or which can be safeguarded from the risk of a future judgment if the defendants obtain the right to a judgment for their fees. The plaintiff can eliminate the defendant for whom the jury may have sympathy, or the defendant who may be on the brink of bankruptcy. If more than one lawyer is involved, the plaintiff can remove the defendant with the best lawyer.
Hess v. Walton, 898 So.2d 1046, 1051 (Fla. 2d DCA 2005). Moreover, had Pratt accepted the offer, Braaksma might have been in a better position to reach a settlement with the remaining defendant.
Accordingly, we reverse and remand for the trial court to reconsider the reasonableness of the amount of attorney’s fees as directed in TGI Friday’s.
Reversed and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.