# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-723
Lower Tribunal No. 08-59582
_____

## Vanguard Car Rental USA, LLC, a Delaware limited liability company f/k/a Vanguard Car Rental USA, Inc., a Delaware corporation d/b/a National Car Rental,

Appellant,

vs.

## Lawrence Suttles, Jr.,

Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Holland & Knight, Frances G. De La Guardia and Lee P. Teichner, for appellant.

Alan C. Gold and James L. Parado, for appellee.

Before WELLS, EMAS and LOGUE, JJ.

WELLS, Judge.

Vanguard Car Rental USA, LLC appeals from a final order denying its motion for attorney's fees and costs made pursuant to a proposal for settlement under section 768.79 of the Florida Statutes and Florida Rule of Civil Procedure 1.442. See § 768.79, Fla. Stat. (2014)[1]; Fla. R. Civ. P. 1.442.[2] Because we agree with Vanguard that its proposal for settlement met all the prerequisites for a fee award, we reverse the order on appeal and remand for a determination of the amount to be awarded.

In 1991, National Car Rental advised law enforcement that Lawrence Suttles, Jr. had failed to timely return a rental car. Two years later, National filed

---

[1] Section 768.79, of the Florida Statutes (2014), as pertinent here, provides:

> (2) . . . An offer must:
>
> . . . .
>
> (b) Name the party making it and the party to whom it is being made.

[2] Florida Rule of Civil Procedure 1.442 provides in part:

> **(c) Form and Content of Proposal for Settlement.**
>
> (1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
>
> (2) A proposal shall:
>
> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made . . . .

for bankruptcy and Vanguard's predecessor, CAC LLC, purchased National's assets in the bankruptcy proceeding.

Fourteen years later, in 2007, Suttles was arrested on a long outstanding warrant related to the 1991 report that he had not returned a rental car. The following year, Suttles sued Vanguard Car Rental USA, Inc. d/b/a National Car Rental (herein Vanguard, Inc.), the successor to CAC LLC. In April of 2010, Suttles was allowed to amend his complaint to add the Florida State Attorney's office as a party-defendant. A year after that, Suttles added "National Car Rental System, Inc., a Delaware Corporation d/b/a National Car Rental" as a defendant. Suttles thereafter filed a fourth amended complaint to add a claim for punitive damages. Throughout this time, Vanguard Inc. remained a named defendant.

On January 3, 2013, Vanguard Inc. served a proposal for settlement on Suttles, which Suttles rejected. In May 2013, Vanguard Inc. filed its answer and affirmative defenses and demanded a jury trial.

After learning that Vanguard Inc. had converted from a corporation to a limited liability company, Suttles revised his fourth amended complaint to name Vanguard LLC f/k/a Vanguard Inc. as a party defendant. Vanguard LLC, the entity into which Vanguard Inc. had converted in 2009, filed an answer, affirmative defenses and demand for jury trial.

On August 19, 2014, final summary judgment was entered in favor of "Vanguard Car Rental USA, LLC, a Delaware limited liability company f/k/a Vanguard Car Rental USA, [Inc.], a Delaware corporation" on a finding that Vanguard did not assume National Car Rental's liabilities when it purchased National's assets out of bankruptcy. After that judgment was affirmed on appeal, Vanguard moved for an award of attorneys' fees pursuant to its earlier filed proposal.

During the hearing to determine whether fees should be awarded to Vanguard pursuant to its proposal for settlement, Suttles, for the first time, claimed that Vanguard LLC could not recover its attorney fees and costs because Vanguard LLC was not the party that served the proposal for settlement. Following a second hearing on the matter, the court below ruled that Vanguard LLC, the prevailing party in the action, could not recover its fees and costs because Vanguard, Inc. had made the proposal for settlement[3]:

> My ruling is on the face of the offer itself. It should have been LLC saying we converted back in '09, Inc. is no longer here, we are the one, Mr. Plaintiff, here is our offer on our behalf as a converted entity from Inc. And I think all of the rights and obligations arguments legally flow, I agree with you, but it's a different name. So for that reason, the motion is denied.

---

[3] On June 17, 2009, Vanguard Inc. had filed a Certificate of Conversion with the Delaware Secretary of State, converting from Vanguard Inc. to Vanguard LLC effective July 31, 2009 at 11:59 p.m.

4

We reverse this order for two reasons, first, because the proposal for settlement satisfied all prerequisites necessary for Vanguard Inc. to recover its fees and costs, and second, because the conversion of Vanguard Inc. to Vanguard LLC had no effect on Vanguard's potential liability as a party in this action.

In TGI Friday's, Inc. v. Dvorak, 663 So. 2d 606, 611 (Fla. 1995), the Florida Supreme Court confirmed that section 768.79 creates a mandatory right to a fee award where a party has served a demand or offer of judgment and that party has recovered a judgment in its favor at least 25 percent more or less than the demand or offer:

> We also find that the district court correctly held that section 768.79 provides for an award of attorney's fees regardless of the reasonableness of an offeree's rejection of an offer of judgment. In making this determination, the district court referred to its earlier decision in Schmidt v. Fortner, 629 So. 2d 1036 (Fla. 4th DCA 1993). In Schmidt, the district court explained the application of section 768.79 as follows:
>
> . . . .
>
> To begin, the words "*shall* be entitled" [e.s.] in subsection (1) [of section 768.79] quoted above cannot possibly have any meaning other than to create a right to attorney's fees when the two preceding prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer. These are the only elements of the statutory entitlement. No other factor is relevant in determining the question of entitlement.

Subsection (6)(b) of section 768.79 (in pertinent part) provides as follows:

> "(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
>
> (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff if at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including . . . attorney's fees . . . .
>
> (b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including . . . attorney's fees . . . ."

Under this provision, the right to an *award* turns only on the difference between the amount of a rejected offer and the amount of a later judgment. It does not depend on whether the offer or the rejection was reasonable. If the offer is 25 percent more or less than the judgment, then the party has qualified for an *award*. To repeat, these two provisions together create an *entitlement* which qualifies a party to an *award* of attorney's fees where the party has served an offer that is more or less than the ultimate judgment, if the motion therefore has been timely made.

Id. at 611-613 (quoting with approval and agreeing with Schmidt, 629 So. 2d at 1040-42); see also McGregor v. Molnar, 79 So. 3d 908, 910 (Fla. 2d DCA 2012)

6

(confirming that "the supreme court explained that section 768.79 creates a mandatory right to attorney's fees if its prerequisites are met").

While a trial court may in its discretion refuse to grant a fee award where these prerequisites are met, it may do so only if it determines that a qualifying offer was not made in good faith. See Dvorak, 663 So. 2d at 612 (stating that while subsection 768.79(7) does "allow the court in its discretion to disallow an award of attorney's fees," it may do so "*only if it determines that a qualifying offer 'was not made in good faith.*'" (quoting § 768.79(7)); Molnar, 79 So. 3d at 910-11 (same, quoting Dvorak, 663 So. 2d at 612).

There is no question that a qualifying offer was made by a named "defendant" in this case, that the offer was not accepted, and that a defense judgment, which was at least 25 percent less than the offer made, was entered. Significantly, no determination was made that the offer was not a good faith offer. Rather, the trial court refused to make an entitlement determination in Vanguard's favor because the court concluded the party that made the offer was not the same party that secured the favorable recovery. We do not agree.

At the time the proposal for settlement was made, as relevant here, only Vanguard Inc. was named as a defendant.[4] Although Vanguard Inc. had converted

---

[4] The Settlement proposal provided:

The party making this Proposal: Vanguard Car Rental, USA, Inc.

from a corporation to a limited liability company in 2009, Suttles had not named or added the LLC as a defendant by the time Vanguard Inc., served its settlement proposal in 2013. Thus, under section 768.79, only Vanguard Inc. could serve a proposal for settlement. § 768.79(1), Fla. Stat. (2014) ("In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . . If a plaintiff files a demand for judgment . . . [reflecting similar right of recovery]."); see also Carey-All Transport, Inc. v. Newby, 989 So. 2d 1201, 1205 (Fla. 2d DCA 2008) (confirming that only a "present party to the litigation," that is one "by or against whom a legal suit is brought" may make an offer under section 768.69 and rule 1.442) (quoting Black's Law Dictionary 1122 (6th ed. 1990))).

When the final summary judgment was entered, Vanguard Inc. had not been dropped from the action. Rather, Vanguard Inc. was only "re-named" to evidence the fact that it was now doing business as Vanguard LLC. This did not change the identity of the "party" making the settlement proposal (Vanguard Inc.) nor deprive Vanguard LLC of the right to recover fees based on that proposal.

Both Florida and Delaware law confirm that a "conversion" from one corporate identity to another is not determinative of an entity's existing rights and obligations. To the contrary, section 607.1114, of the Florida Statutes (2014),

addressing the effect of a conversion of a domestic corporation into another business form, confirms what should be regarded as the entity's continued existence:

> When a conversion becomes effective:
>
> (1) A domestic corporation that has been converted into another business entity pursuant to this chapter *is for all purposes the same entity that existed before the conversion.*
>
>    . . . .
>
> (3) The other business entity into which the domestic corporation was converted shall continue to be responsible and liable for all the liabilities and obligations of the converting domestic corporation . . .
>
> *(4) Any claim existing or action or proceeding pending by or against any domestic corporation that is converted into another business entity may be continued as if the conversion did not occur.*

(Emphasis added).

Delaware law likewise confirms that a conversion does not constitute a dissolution, such as might arguably support the view that Vanguard Inc. should be considered as an entirely different entity than Vanguard LLC. See Del. Code Ann. tit. 8, § 266(f) (2015) ("Unless otherwise provided in a resolution of conversion adopted in accordance with this section, the converting corporation shall not be required to wind up its affairs or pay its liabilities and distribute its assets, and the *conversion shall not constitute a dissolution of such corporation.*") (emphasis added).

Rather, similar to Florida law, Delaware law provides that when one entity converts to another corporate form, the entities shall be deemed to be the same:

(h) When a corporation has been converted to another entity or business form pursuant to this section, *the other entity or business form shall, for all purposes of the laws of the State of Delaware, be deemed to be the same entity as the corporation.* When any conversion shall have become effective under this section, for all purposes of the laws of the State of Delaware, *all* of the rights, privileges and powers of the corporation that has converted, and all property, real, personal and mixed, and all debts due to such corporation, as well as all other things and *causes of action belonging to such corporation, shall remain vested in the other entity* or business form to which such corporation has converted and shall be the property of such other entity or business form, and the title to any real property vested by deed or otherwise in such corporation shall not revert or be in any way impaired by reason of this chapter; but all rights of creditors and all liens upon any property of such corporation shall be preserved unimpaired, and *all debts, liabilities and duties of the corporation that has converted shall remain attached to the other entity* or business form to which such corporation has converted, *and may be enforced against it to the same extent as if said debts, liabilities and duties had originally been incurred or contracted by it in its capacity as such other entity or business form.*

Del. Code Ann. tit. 8, § 266(h) (2015) (emphasis added).

In sum, under both Delaware and Florida law, pre and post-converted entities are to be treated as the same entity for all purposes. Thus, the party which made the proposal for settlement below must be treated as the same entity in whose favor judgment was entered. Vanguard LLC f/n/a Vanguard Inc. was entitled to a fee award.

10

Finally, there is no dispute that the conversion that took place while this action was pending had no practical effect on Suttles' ability to determine the party making the proposal and cannot be regarded as making the offer ambiguous. See Newby, 989 So. 2d at 1205 ("[A] proposal for settlement should be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions."  (quoting Nichols v. State Farm Mut., 851 So. 2d 742, 746 (Fla. 5th DCA 2003), approved, 932 So. 2d 1067 (Fla. 2006))).

Accordingly, we reverse the trial court's denial of Vanguard LLC's Motion for Attorney's Fees, enter judgment in Vanguard LLC's favor, and remand for the trial court to determine the fees to be awarded.

LOGUE, J. (concurring)

I concur. I write solely to encourage the Florida Bar's Civil Procedure Rules Committee to consider a rule change along the lines suggested in a prior opinion by Judge Emas. In Design Home Remodeling Corp. v. Santana, 146 So. 3d 129, 133 n.7 (Fla. 3d DCA 2014), Judge Emas suggested that a party who does not accept a proposal for settlement due to a procedural defect or deficiency in the form of the offer should be required to serve a limited response identifying the specific defect or deficiency, thus allowing the offeror to correct the procedural defect, after which the offeree could then consider the corrected proposal on its merits. Judge Emas wrote:

> While we do not suggest the existence of an unassailable solution, we would encourage the Florida Bar's Civil Procedure Rules Committee to consider whether [Florida Rule of Civil Procedure 1.442] should be amended to require an offeree to serve a limited response to a proposal (apart from the existing response provision in the rule), raising any procedural defects to the proposal, thereby providing the offeror with an opportunity to serve a corrected proposal, in an effort to effectuate the salutary purpose underlying a proposal for settlement. Should the offeree fail to serve such a response, the rule could provide that this failure waives any right to subsequently challenge the proposal based upon these procedural defects. Such an amendment would prevent situations in which an offeror might reasonably believe he has made a fair, valid and binding offer, only to find out (at the eventual conclusion of costly and lengthy litigation) that the offer was procedurally defective and therefore invalid ab initio. If the aim is to

12

> promote early and reasonable settlements, it seems worthwhile to consider whether the rule should be fashioned to give the offeror an opportunity to cure any procedural defects so that the offeree has a genuine opportunity to weigh the substantive merits of a proposal for settlement.

Id. An amendment to rule 1.442 of this nature would advance the purpose of the rule, which is to foster early settlements. It would also mitigate one unfortunate, unintended, and ironic consequence of the rule, which is the creation of a new and growing cascade of litigation brought by parties trying to avoid the consequences of rejecting a proposal for settlement by making an after-the-fact attack on the form.