CÁSANUEVA,
Concurring.
I fully concur in the majority opinion. I write to discuss a concern caused by the proposal for settlement utilized in this matter and how such a proposal for settlement can be utilized in other matters for the purpose of attaining a tactical advantage rather than for the recognized purpose of ending litigation so that scarce judicial resources may be conserved. I continue to adhere to the belief that the purpose of rule 1.442 and section 768.79 is to end litigation and not to create more. Lucas, 813 So.2d at 973.
I will first identify the proposal for settlement at issue in this case, then review the applicable rule and statute, and conclude by suggesting a means of analysis.
The proposal for' settlement issued in this matter by defendant Allstate sought to resolve the litigation by offering to pay “the total amount of Fifty Thousand and 00/100 Dollars.” In exchange for this amount, Allstate was to receive .“a complete release and dismissal with , prejudice of all claims against Defendant.”
Yet, the release attached to the proposal for settlement, when read' carefully, was more than a mere release. It also contained indemnification and hold harmless provisions. The latter provision operates to expose the plaintiff to future liability. Despite its breadth, the attached release’s language was clear and not ambiguous. See Nichols, 932 So.2d at 1079 (“The rule aims to prevent ambiguity, not breadth.”); Saterbo v. Markuson, 210 So.3d 135, (Fla. 2d DCA Sept. 21, 2016). Therefore, it was a facially valid proposal.
Section 768,79(2) identifies four items that are to be included in an offer of judgment. Importantly, the statute requires that the offer be in writing and that it set forth “its total amount.” § 768.79(2)(d). The legislative focus appears to be on monetary conditions rather than nonmonetary conditions. The language of the statute, enacted by the -Mori- *1021 da Legislature, expressly identifies a monetary calculation to determine whether fees will be awarded as a penalty for the rejection of a good faith offer. Braaksma v. Pratt, 103 So.3d 913, 914 (Fla. 2d DCA 2012). The statute makes no express mention of nonmonetary-.conditions. As the statute is in derogation of our state’s common law, it must be strictly construed. Kuhajda v. Borden Dairy Co. of Ala., LLC, 202 So.3d 391, 394 (Fla. 2016).
Rule 1.442(c) requires that all offers of judgment, referred to in the rule as proposals for settlement, be in writing, and it identifies seven items that “shall” be contained in a proposal for settlement. It is in the language of the rule—not the statute— that nonmonetary conditions are referenced. This language expands the field of permissible contents that may be included in a proposal for settlement as compared to the terms required for an offer of judgment authorized by statute. Whether such an expansion is permissible—or not—is beyond the scope of this concurrence and is not preserved by a trial court ruling.
While subsection (c)(2)(D) of the rule has language- similar to its statutory counterpart, requiring that a proposal “state the total amount of the proposal,” the rule goes beyond the express scope of the statute. In addition to monetary conditions, the rule requires a proposal to “state with particularity any relevant conditions” and to- “state with particularity all nonmone-tary terms of the proposal.” Fla. R. Civ. P. 1.442(c)(2)(C)-(D). It .is these latter provisions referencing nonmonetary conditions without limitation that authorized the inclusion, in this case and others, of additional terms such as hold harmless and indemnification provisions. These additional terms and others like them may cause a party to reject a proposal and thereby be exposed to an assessment of attorneys’ fees.
- Interestingly, when parsing the language of the rule and the statute, a reader will observe the only matters permissible for the trial court’s consideration in determining whether to impose a sanction award are the amounts recovered at trial as compared to the amounts offered pretrial and whether the offer was made in good faith. Neither' consideration well lends itself to whether the additional non-monetary conditions were burdensome or were outweighed by the obligations to be possibly incurred as compared to the economic benefits of the monetary amounts offered.
By permitting the inclusion of nonmone-tary conditions, rule 1.442 has also had the effect of expanding the evidentiary demands on a trial court. Case law is replete with appellate decisions discussing whether a release was standard in the private sector and whether the terms of the proposed release were standard. See, e.g., Michele K. Feinzig, P.A. v. Deehl & Carlson, P.A., 176 So.3d 305, 309-310 (Fla. 3d DCA 2015) (discussing what is “standard in release language”); Jessla Constr. Corp. v. Miami-Dade Cty. Sch. Bd., 48 So.3d 127, 130-31 (Fla. 3d DCA 2010) (stating language was “typical” of that contained in many general releases); Ledesma v. Iglesias, 975 So.2d 1240, 1243 (Fla. 4th DCA 2008) (same); Bd. of Trs. of Fla. Atl. Univ. v. Bowman, 853 So.2d 507, 510 (Fla. 4th DCA 2003) (“The inclusion of agents, employees, etc. is simply standard language in a general release that should be considered unambiguous and should not invalidate the proposal.”).
Respectfully, I ■ suggest the decision-making model should be altered to further the avowed purpose of the statute: to end .litigation. To that end, the starting point of the analysis should be framed by the parties’ operative pleadings. If the nonmone-tary. conditions are not otherwise available *1022 in any party’s prayer for relief, they cannot be imposed as nonmonetary conditions of an offer of judgment. The exception to this rule is that a voluntary dismissal would be available to bring the litigation to a conclusion. In this manner, neither the trial court nor the appellate court would be required to go outside the instant case to identify and apply “settlement norms.” It must be recalled that the rule and statute are not mere settlement devices; they operate as a penalty and sanction provision. See Braaksma, 103 So.3d at 914; Attorneys’ Title Ins. Fund, Inc. v. Gorka, 989 So.2d 1210, 1213 (Fla. 2d DCA 2008).
When compared to monetary conditions set forth in an offer of judgment or proposal for settlement, nonmonetary conditions are more likely to be subjected to an ambiguity analysis or an assertion of “nitpicking.” By requiring that nonmonetary terms have a nexus to the pending instant litigation as described above, the likelihood of ambiguity or nitpicking is lessened if not eliminated. Furthermore, the courts that must review the offer of judgment will be operating within the parameters of the case as defined by the respective parties’ pleadings, as well as within known jurisprudence. For example, to tenninate the instant litigation, a party would require a pleading that operates to dismiss all claims with prejudice. Nothing more is required to conclude the litigation.
Certainly, should the parties desire a more expansive and extensive settlement, the option of private settlement negotiation remains. Therein the parties’ settlement considerations may resolve disposition issues by measuring present financial considerations against the potential of future financial exposure. There is no question that the exercise of private settlement negotiations offers more flexibility regarding settlement terms than does the existing statute-rule combination. There, the consideration of the benefits offered by the economic terms of the settlement are more likely to result in a settlement than would the sanction operation of the existing statute-rule combination.
And it should be recognized that difficulties are created when the judiciary looks to import the norms of settlement discussion into a jurisprudence flowing from the operation of a sanction-diiven statute-rule combination.
The importation of standards existent in private settlement discussions plays, in my view, no part in the analysis of the operation of Florida’s offer of judgment statute-rule combination. Importantly, the use of nonmonetary conditions, such as a release that is more than a release, creates an ability to stack conditions so that the likelihood of rejection is correspondingly increased. But the rejection resulting from the proposal still permits the offering party to maintain the leverage of later sanctions. Where the legislature sought a straightforward proposal based upon the acceptance or rejection of a monetary amount, the allowance of nonmonetary conditions otherwise unavailable through the pleadings alters the dynamics envisioned by the legislature. Using the facts here, Mr. Diecidue’s rejection could be based on a reluctance to acquiesce to the potential liability exposure created by the terms of the “general release.” Others in a similar situation might well reach an identical conclusion. The additional terms likely operate to discourage rather than encourage settlement.
It is my view that if the offer of judgment seeks to impose a nonmonetary condition that has no nexus to the litigation’s prayer or prayers for relief, such an offer of judgment does not comply with the statute and cannot support a sanction award.