# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1391
Lower Tribunal No. 16-21856
_____

**The Miccosukee Tribe of Indians of Florida,**
Appellant,

vs.

**Lewis Tein, P.L., Guy Lewis and Michael Tein,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Saunooke Law Firm, P.A., and Robert O. Saunooke (Cherokee, NC), for appellant.

Colson Hicks Eidson, P.A., Curtis B. Miner, The Law Offices of Guy A. Lewis, Guy A. Lewis, Tein Malone PLLC, and Michael R. Tein, for appellees.

Before EMAS, MILLER, and LOBREE, JJ.

PER CURIAM.

Appellant, Miccosukee Tribe of Indians of Florida, appeals from a final judgment granting attorney's fees and costs rendered in the lower tribunal after appellees, Lewis Tein, P.L., Guy Lewis, and Michael Tein, rejected a proposal for settlement. Despite appellant's contention to the contrary, the record reveals the trial court carefully considered each factor contained within section 768.79, Florida Statutes (2017), along with the chronology of the case and other relevant criteria, in arriving at the award.[1] Concluding that competent, substantial evidence supports the findings, we discern no abuse of discretion and affirm the judgment in all respects. See McGregor v. Molnar, 79 So. 3d 908, 911 (Fla. 2d DCA 2012) ("If the court decides that the offer was made in good faith, section 768.79(7)(b) and [Florida Rule of Civil Procedure] 1.442(h)(2) set forth six factors to be considered in determining the reasonableness of an award."); § 768.79(7)(b), Fla. Stat.; Fla. R. Civ. P. 1.442(h)(2); see also Michigan v. Bay Mills Indian Cmty., 572 U.S. 782, 814 (2014) (Scalia, J., dissenting) ("I am now convinced that [Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751 (1998)] was wrongly decided; that, in the intervening 16 years, its error has

---

[1] Any error associated with the admission of evidence relating to settlement offers was harmless. See Walters v. Beach Club Villas Condo., Inc., 301 So. 3d 343, 350 (Fla. 3d DCA 2020); Heartland Express, Inc. of Iowa v. Farber, 230 So. 3d 146, 150–51 (Fla. 1st DCA 2017).

2

grown more glaringly obvious; and that *stare decisis* does not recommend its retention.").

 Affirmed.